THE PEOPLE, by J. G. McCULLOUGH, Attorney-General, *ex rel.* G. W. FRICK v. ZADOCK JACKSON.

Two Laws Passed on the Same Day.—When two laws are passed on the same day in relation to the same subject matter, they are to be read together as if parts of the same Act.

Appeal from the District Court, Seventh Judicial District, Sonoma County.

In August, 1855, the County of Sonoma was divided into

three Supervisor Districts in accordance with the Act of 1855. By this division the Townships of Sonoma, Vallejo, and Petaluma, constituted one Supervisor District, and no change has since been made in the districts. T. F. Baylis was elected Supervisor in said district in 1862, and his term of office expired in 1865. At the general election, September 6th, 1865, G. W. Frick and the defendant Jackson were voted for for the office. Frick received a majority of the votes cast in the townships constituting the Supervisor District, and received no votes outside the district. Jackson received votes in the county outside of the district sufficient to elect him if counted. The canvassing officer counted them and declared him elected, and he received the certificate of election. This action was brought to try his right to the office. The Court gave judgment for the relator, and the defendant appealed.

*F. D. Colton,* for the Relator, argued that the general Act relating to Supervisors, passed April 4th, 1864, and the special Act relating to Supervisors in Sonoma County, passed the same day, were to be construed so as to give effect to each, if possible, and cited Smith on Constitutional Construction, Sec. 757; and that therefore the general law requiring Supervisors to be elected in districts was not repealed as to Sonoma County by the special Act.

*William Ross,* for Appellant, argued that as by the provisions of the general Act the term of the Supervisor commenced on the first Monday of the month succeeding his election, and by the special Act it commenced as soon as elected and qualified, that the two were repugnant, and that as one was a general law it would be presumed to have been passed first. He also argued that if the general Act was intended to govern the County of Sonoma, that the special Act must have been passed without a purpose.

By the Court, SANDERSON, J.:

By the Act of the 20th of March, 1855, (Statutes, p. 51,) it was provided that the several counties of the State should be divided into districts corresponding in number with the number of Supervisors to be elected, and that the qualified electors of each district should elect one Supervisor, who should be a resident of the district.

On the 22d of April, 1863, an Act was passed concerning officers (Statutes, p. 386,) which was designed to adapt the election and terms of officers to the changes made by the amendments to the Constitution which took effect at the close of that year. By this Act County Supervisors are included in the list of officers to be elected or appointed as therein provided; but by some inadvertence or omission, no provision was thereafter inserted providing for their election or prescribing their terms of office. This omission was supplied by a supplementary Act passed April 4th, 1864 (Statutes, p. 323,) by which it was provided that each Supervisor District of the several counties of this State should be entitled to one Supervisor, who should hold for the term of three years from the first Monday of the month succeeding his election, and that elections for Supervisors should be held at general or Presidential elections, or special elections to be called by the Clerk of the county for years in which no general or Presidential elections are to be held.

This Act makes no change in the district system adopted in 1855, but, on the contrary, it is in keeping with it and is applicable to all the counties in the State, except so far as the subject matter may be regulated by special Acts which are applicable to particular counties.

On the same day as the last mentioned Act a special Act was passed in relation to the same subject matter (Statutes, p. 507,) for certain counties therein named, among which is Sonoma, by which it was provided that in the counties named one member of the Board of Supervisors should be elected annually, at the general election for State and county officers;

or, in the years when no general election is to be held, at the election for members of Congress. Nothing is said in terms as to whether the Supervisors are to be elected by the electors of the county at large, or by the electors of the Supervisor Districts into which the counties were then divided under the Act of 1855. Upon that question it is silent, and therefore leaves it to be determined by the general law.

Both Acts were passed upon the same day and relate to the same subject matter. They are, therefore, according to a well settled rule of interpretation, to be read together, as if parts of the same Act. Thus read, there is no repugnancy, except as to the time at which the elections provided for are to be held. In the latter Act Congressional elections are substituted for the Presidential elections employed in the former, which is the only substantial difference, so far as this case is controlled by them.

It follows that the votes cast outside of the district in question were illegal and ought not to have been counted for the defendant.

Judgment affirmed.