D. M. CHANDLER, APPELLANT, *v.* CRAVEN LEE, RESPONDENT.

STATUTES—STATUTORY CONSTRUCTION.—Different acts, passed by the legislature on the same day, upon the same subject-matter, will be read together as parts of the same act.

IDEM.—It is the duty of courts to execute laws according to their true intent and meaning; and that intent, when collected from the whole and every part of the act, must prevail over the literal sense of the terms, and control the strict letter of the law, when the letter would lead to possible injustice, contradiction, or absurdity.

APPEAL from the second judicial district, Alturas county.

*R. E. Foote and John C. Henly,* for the appellant.

*J. Brumback,* for the respondent.

Opinion by LEWIS, J.; NOGGLE, C. J., and KELLY, J., concurring.

This cause was tried by the court on an agreed statement of facts. Judgment for the defendant, and the plaintiff appeals. In 1866, one Sayers, in pursuance of law, transcribed certain records for Alturas county, and in 1869, after sundry legislation thereon, delivered the said records to the receiver of said county, and received warrants for the sum due him therefor on the " current expense fund." The plaintiff is the owner of one of these warrants for the sum of two hundred dollars. The warrant was registered by the defendant, as treasurer of Alturas county, on "the current expense fund," and there is no fund in said fund, nor any provisions of law by which there will be any, with which to pay the warrant. There is money, however, in the current expense and redemption fund with which to pay it, but the treasurer refused to pay it from that fund. And plaintiff asks a peremptory mandate to compel the defend-

ant, as such treasurer, to pay this warrant from the current expense and redemption fund.

The legislation on this subject is as follows: At the third session an act was passed, requiring the recorder of Boise county to transcribe the records in his office properly belonging to Alturas county, and the auditor of Alturas county was required to draw a special warrant for the sum due therefor, payable out of any money in the treasury not otherwise appropriated. (Laws Third Ses. 217.) At the fourth session an act was passed, fixing the sum due, and ordering the auditor of Alturas to issue his warrant therefor on the delivery of the records, to be paid out of the first moneys "which may come into the treasury of Alturas county after the passage of the act." (Laws Fourth Ses. 112.) At the fifth session, an act was passed, requiring the auditor, in the presence of the board of commissioners, to determine the amount due, and draw his warrant therefor on the treasurer of Alturas county, on the current expense fund of said county. (Laws Fifth Ses. 122.) This act was passed on the fifteenth of January, 1869, and on the same day an act was passed to provide for the redemption of, and manner of redeeming, outstanding warrants, etc., for Alturas county. (Laws Fifth Ses. 139.) By the provisions of this act a fund was created, called the "current expense and redemption fund."

Section 9 of said act provides that it shall be unlawful for the treasurer of Alturas to pay any warrants or claims issued or accrued prior to the passage of the act, otherwise than in accordance with its provision; and by section 11: "No warrants shall, after the passage of the act, be drawn on the general fund, forty-five per cent. fund, or county court-house and building fund, but all the current expenses (except for school purposes), shall be paid out of the "current expense and redemption fund." Hence, in accordance with the literal and technical construction of the statute, the warrant is ordered to be drawn upon a fund, to wit, the "current expense fund," which has no existence. These two acts, however, were passed upon the same day, and relate to the same subject-matter; hence they are according

to a well-settled rule of interpretation, to be read together, as parts of the same act.     (*People* v. *Jackson*, 30 Cal. 427.)

It is the duty of courts to execute laws according to their true intent and meaning; and that intent, when collected from the whole and every part of the statute taken together, must prevail even over the literal sense of the terms and control the strict letter of the law, when the letter would lead to possible injustice, contradiction, and absurdity. (*Ex parte Ellis*, 11 Cal. 223; *Knowles* v. *Yeates*, 31 Id. 82.) In the construction of a statute it is an invariable rule to start out with the assumption that some effect is to be given, if possible, to every provision of the statute. (*People* v. *Waterman*, 31 Cal. 412.)

Where a particular construction of a statute applied to a case which it seems by its terms to include, there follows from such construction an absurd consequence; respect for the legislature will induce the court from thence to conclude, that some other construction, which will not produce such a consequence ought to be adopted. Hence, every construction which leads to an absurdity ought to be rejected.     (Sm. Com., sec. 518.)

It would be absurd of course to hold that the claim in the case before us is payable from the "current expense fund," and that an order should be drawn on that fund, for as a matter of fact there is no such fund.   The legislature most clearly intended that this claim should be paid, and looking at both statutes passed on the fifteenth of January, 1869, there can be no question but that it was the intention of the legislature that the claim should be paid from the same fund as that from which the current expenses of the county are paid, which they have said is the "current expense and redemption fund."   In fact, they by the act, on page 122, in effect declare that the claim shall be considered as a claim for current expenses of the county.   The county needed the records; it was very important that they be placed on file in the proper office.   Mr. Sayre had done the work, and the legislature attempted to provide for paying him.   That being the case, it is the duty of the court to so construe these laws as will give effect to the legisla-

tive will; and we conclude that by a fair and reasonable construction of these statutes, by the light of the rules above laid down, that this claim was and is properly payable from "the current expense and redemption fund" of Alturas county, and it was the duty of the auditor to draw his warrant upon that fund for the claim herein.

But it seemed that this warrant was drawn upon a fund which has no existence. Will this court compel the treasurer to pay from one fund a warrant drawn upon a fund that does not exist? It is the command of the law·that every warrant drawn upon the treasury shall distinctly specify from what fund the same shall be paid. And it is the duty of the treasurer to pay warrants from the funds specified therein, and from no other. Before the payment of any warrant the treasurer must see to it that it be drawn on some specific fund known to the law; hence, in the case at bar, the warrant being drawn on a fund that does not exist, the court will not compel the treasurer to pay it from any other of the funds of the county.

We suggest, however, that as the claim in question is by law payable from the current expense and redemption fund of Alturas county, that the plaintiff is no doubt entitled to a warrant on that fund for the sum due on his warrant, and that on demand and surrender of his warrant, the auditor may receive and cancel the warrant in controversy and issue to plaintiff a warrant on the proper fund, and if he refuses so to do the law gives him his remedy.

The order of the court below denying the mandate is affirmed.