JOHN D. CURTWRIGHT, Respondent, v. EDWARD CROW, Appellant.

St. Louis Court of Appeals, April 21, 1891.

1. **Destruction of Sheep by Dogs.** Section 4512 of the Revised Statutes of 1889, which relates to the recovery of damages for the injury of domestic animals by dogs, was in force at the time of the revision of the statutes, and was properly embodied in that revision.

2. **Statutes:** IMPLIED REPEAL. The question of repeal is one of intention, and, where two acts are passed at the same session of the legislature on the same subject-matter, they must be construed together. *Held*, accordingly, that, where the legislature passed two acts at the same session, the first relating to the subject-matter of a former statute, and the second expressly repealing all of the former statute excepting one section, the first of these two acts should not be regarded as a repeal by implication of the whole of the former statute, inclusive of the section excepted in the second act.

3. **Jurisdiction, Appellate :** CONSTITUTIONAL QUESTION. Where a constitutional question has not been raised in the progress of the trial in the lower court, it will not be regarded as properly before this court on appeal.

4. ——— : ———. *Semble* that a cause should not be regarded as involving a constitutional point, when that point has been uniformly decided in one way, that is, overruled for a period of over twenty years.

*Appeal from the Monroe Circuit Court.*—HON. T. H. BACON, Judge.

AFFIRMED.

*Bodine & Bristow*, for appellant.

This action is based upon section 4512 of the Revised Statutes of 1889, incorporated by the revisers from the statutes of 1879. It is contended by defendant, that this section and the whole chapter on dogs were repealed by an act entitled, " An act to discourage the keeping of useless and sheep-killing dogs, and to provide indemnity for damages done by same" (Session Acts of 1881, page 127), for the reason that this act is a revision of the whole subject-matter of chapter 97, entitled "of dogs," in the statutes of 1879. *State v. Roller*, 77 Mo. 120 ; *State v. Johnson*, 17 Mo. App. 158; *State v. Brown*, 18 Mo. App. 622 ; *Barr v. Flynn*, 20 Mo. App. 388 ; *State v. Robertson*, 24 Mo. App. 234; *State v. Quinn*, 25 Mo. App. 203 ; *Berkshire v. Railroad*, 28 Mo. App. 225. And for the further reason that said act of 1881 is inconsistent with the provisions of said chapter ; also, that the section under which suit is brought is penal in its nature, and that the act of 1881 imposes a penalty different from that imposed by section 4512, and repeals it ; also, if section 4512 is still in force, that it only applies to cases in which there is a common-law liability. *Coyle v. Conway*, 35 Mo. App. 490. Indeed, section 4512 was never the law of this state, for the reason that it never was constitutionally adopted, owing to its having no relation whatever to the title of the act. Acts of 1877, p. 325 ; *Ewing v. Hoblitzelle*, 85 Mo. 69, 71 ; *State v. Persinger*, 76 Mo. 346 ; *State ex rel. v. Finn*, 8 Mo. App. 341 ; Cooley on Const. Lim. [ 1 Ed.] pp. 148, 149.

*A. M. Alexander*, for respondent.

ROMBAUER, P. J.—The only point presented by this appeal is, whether section 4512 of the Revised Statutes of 1889 is an existing statute, and inserted in the revision

Curtwright v. Crow.

by legal warrant. The plaintiff maintains the affirmative of this proposition, and the defendant the negative. The section reads as follows :

"In every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animals may recover against the owner or keeper of such dog or dogs the full amount of damages, and the owner shall forthwith kill such dog or dogs ; and for every day he shall refuse or neglect to do so, after notice, he shall pay and forfeit the sum of one dollar, and it shall be lawful for any person to kill such dog or dogs."

The present action was one to recover for the killing and maiming of plaintiff's sheep by the defendant's dog, and was brought by the plaintiff in reliance on this section. Neither his statement nor his evidence warranted a recovery at common law, as the defendant's previous knowledge of the vicious propensities of his dog were neither alleged nor shown. The defendant demurred to the evidence for this reason, but the court overruled his demurrer and instructed the jury that, if they found that the plaintiff's sheep had been killed or maimed by defendant's dog, the plaintiff was entitled to recover. The jury found for the plaintiff, and the defendant, appealing, assigns for error the overruling of his demurrer to the evidence, and the erroneous instructions given on the plaintiff's behalf.

The legislative history of the section above quoted is as follows: In 1877 the legislature passed an act, entitled *an act for the registering and licensing of dogs.* That act contained the section above quoted, and was embodied in the revision of 1879, where it appears as section 5434. On the nineteenth of March, 1881, the legislature passed another act, entitled *an act to discourage the keeping of useless and sheep-killing dogs, and to provide indemnity for damages done by same.* This act purported to be a revision of the former act in so far as it made provision for the registry and taxation of dogs, and provided for compensation out of the county

treasury to the owners of the animals killed or injured by them. This act contained the following sections:

"Section 7. In every case where sheep are killed or injured by any dog or dogs, the owner, keeper or harborer of such dog or dogs shall forthwith kill the same, and for each day he shall refuse or neglect to do so, after receiving notice in writing, he shall forfeit to the county the sum of one ( $1 ) dollar to be paid into the county treasury to become a part of the permanent school fund of the county, and it shall be lawful for any person to kill such dog or dogs."

"Section 9. This act shall not apply to or be in force in the counties of this state having less than thirteen thousand (13,000) inhabitants, nor in cities having over three hundred thousand ( 300,000 ).

"Section 10. All acts or parts of acts inconsistent with this act are hereby repealed."

A week after the passage of this act, and at the same session of the legislature, that body passed the following act:

"An act to repeal sections 5426, 5427, 5428, 5429, 5430, 5431, 5432 and 5433, chapter 97, Revised Statutes of Missouri, of dogs.

"Section 1. Repealing chapter 97, except section 5434, of dogs.

Be it enacted by the general assembly of the state of Missouri, as follows:

"Section 1. That sections 5426, 5427, 5428, 5429, 5430, 5431, 5432 and 5433, chapter 97, Revised Statutes of Missouri, be and the same are hereby repealed.

"Approved March 26, 1881."

This act purports to repeal the entire act of 1877, with the exception of the last section thereof, which, as above stated, was embodied in the revision of 1879, as section 5434.

In 1885, the legislature passed the following act:

"An act to repeal an act entitled, ' An act to discourage the keeping of useless and sheep-killing dogs, and to provide indemnity for damages done by same.'

"Section 1. Section repealed.

"Be it enacted by the general assembly of the state of Missouri, as follows:

"Section 1. That sections 1, 2, 3, 4, 5, 6, 8 and 9 of an act entitled, 'An act to discourage the keeping of useless and sheep-killing dogs, and to provide an indemnity for damages done by same,' approved March 19, 1881, be and the same are hereby repealed.

"Approved, March 18, 1885,"

This act purported to repeal the entire act of March 19, 1881, except the seventh section thereof, which is hereinabove set out in full. The reason why the revisers of 1889 did not embody that part of section 7 of the act of 1881, not covered by section 5434 of revision of 1879, into the present section 4512 first hereinabove set out, is not apparent; but their failure to do so cannot affect the validity of the last section as a law, provided its retention was justified by the actual state of the law.

The defendant contends with great plausibility that the passage of the law of March 19, 1881, was a revision of the entire subject of the dog law of 1877, and he invokes the principle fully discussed and decided in *State v. Roller*, 77 Mo. 120, that a statute is impliedly repealed by a subsequent one revising the whole subject matter of the first. On the other hand the plaintiff contends with equal plausibility that the provisions of the two acts on the same subject are not irreconcilable, and that, as repeals by implication are not favored, section 5434 of the revision of 1879 was not repealed by the act of March 19, 1881.

In *State ex rel. v. Draper*, 47 Mo. 29, Judge BLISS, speaking on this subject, says: "While repugnant statutes necessarily supplant previous ones, they must be clearly repugnant, for, unless the legislative intent is expressed in terms, it will not be assumed if any other construction can be given to the subsequent act." And in *State ex rel. v. Court*, 41 Mo. 453, Judge WAGNER says: "It is a fair presumption that, if the legislature

intend to repeal a statute, they will do so in express terms, or by the use of words which are equivalent to an express repeal; and a court will not, if it can consistently be avoided, adjudge that a statute is repealed by implication."

But after all the question of repeal is one of intention, and where the courts can give effect to the manifest intention of the legislature, without violating any constitutional inhibition, it is their duty to do so. Where two acts are passed at the same session of the legislature, on the same subject-matter, they must be construed together. *State ex rel. v. Clark*, 54 Mo. 216. Here the legislature, at the same session at which it passed the law which is claimed as repealing by *implication* the law of 1877, passed another act by which it *expressly* repealed all the sections of the law of 1877, except section 5434. This last action on the part of the legislature is equivalent to a declaration that it was their intention by the preceding act of that session to repeal the act of 1877, with the exception of its last section, and, in order to avoid all misunderstanding on that subject, they expressly so declared. This leads us to conclude that the revisers were warranted in inserting section 4512 in the revision of 1889, as part of the laws in force and unrepealed. If there were any doubt on this subject, the sheep as against the dog are entitled to the benefit of the doubt.

The defendant now claims for the first time that the last section of the act of 1877 never was a law in this state, because the subject therein provided for is not clearly expressed in the title of the act, as required by section 28, article 4, of the state constitution. No such question was raised in the progress of the trial in the court below in any manner whatever at any stage of the proceeding, and the question, therefore, is not properly before us. We cannot forego, however, to call attention to the fact, that the identical question was passed upon by the supreme court adversely to the claims now

made by the defendant, in *City of St. Louis v. Tiefel*, 42 Mo. 578, which case was uniformly followed and reaffirmed in the most emphatic terms as late as *State ex rel. v. Miller*, 100 Mo. 439, and that we would be hardly warranted in treating any case as involving a constitutional point, when that point has been uniformly decided by the supreme court in one way for a period of over twenty years.

We see no error in the record and affirm the judgment. All the judges concur.