AGNES J. TWIGGS, Respondent, v. THE STATE
    BOARD OF LAND COMMISSIONERS, Appel-
    lant.

No. 1495.     (75 Pac. 729.)

1. **Public Lands: School Lands: Rights of Occupant; Pur-
   chaser from Occupant: Statutes: Construction.**
   All statutes relating to the same subject-matter, which are not
   necessarily inconsistent with each other, are to be con-
   strued together as constituting one act, and when it can be
   done with any reasonable construction, made to harmonize.

2. **Same: Repeal: Retroactive Effect.**
   Revised Statutes 1898, section 2337, provided that settlers who
   had resided upon lands granted to the State for school pur-
   poses, prior to the extension of United States surveys over
   such lands, might be permitted to purchase them at a price
   not less than 25 per cent. of their appraised value. In
   1899 the entire law of which this section was a part, except
   section 2337, was repealed by Session Laws 1899, p. 95,
   chapter 64, section 48, which provided that such section
   should remain in force until all applications filed by virtue
   of the same should be fully disposed of. Subsequently, and
   at the same session, chapter 88 (page 165) was enacted,
   providing that settlers who had resided on lands granted to
   the State for school purposes prior to certain dates might
   be permitted to purchase the lands at not less than 25 per
   cent. of the appraised value, provided that the purchase
   price should not be less than $1.25 per acre. *Held*, that
   chapter 88 did not repeal section 2337, nor operate retroact-
   ively to the prejudice of parties who had filed on school
   lands in pursuance of such section, as they were expressly
   provided for by chapter 64.

3. **Same: "Occupant" not Same as "Resident."**
   Under Revised Statutes 1898, section 2337, providing that set-
   tlers who had resided on, occupied, or cultivated land
   granted to the State for school purposes should have a
   preference right to purchase the same, it is not necessary
   that a person shall actually reside upon the land in or-
   der to be an "occupant" thereof.

27 Utah 16

**4. Same: Rights of Purchaser from Occupant.**
One who has purchased a possessory right from an original settler is entitled to the same privileges and benefits under Revised Statutes 1898, section 2337, giving settlers on school lands, or those purchasing from them, a preference right to their purchase on specified terms, as his grantor would have had had he continued in possession of the land, and not parted with his interest therein.

(Decided February 9, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

Application for a writ of mandate against the State Board of Land Commissioners to compel said board to award to plaintiff the preference right to purchase a certain piece of land situated in Salt Lake County and also to award to and credit plaintiff with the value of certain improvements on the land. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for appellant.

*N. V. Jones, Esq.,* for respondent.

STATEMENT OF FACTS.

Plaintiff brought this action to obtain a writ of mandate against the State Board of Land Commissioners to compel said board to award to plaintiff the preference right to purchase a certain piece of land situated in Salt Lake county, and consisting of 17.4 rods; also to award to and credit plaintiff with the value of certain improvements on the land. The case was tried and decided by the trial court upon documentary evidence and the following stipulation or agreed statement of facts: "It is hereby agreed by the parties hereto that this cause may be heard, considered, and determined by the

court upon the following statements of facts, together with such other evidence as may be admitted by the court. It is admitted: (1) That the premises described in plaintiff's petition herein filed are a part of the school lands allotted to the State of Utah lying and being in section sixteen (16), township one (1) south, range one (1) east, Salt Lake Meridian.   (2)   That there are no adverse claimants to said premises other than plaintiff, and the same has not been sold, and is still the property of the State of Utah.   (3) That plaintiff, within the time and in the manner prescribed by law, duly made and filed her application with the defendant for the preference right to purchase said premises at the appraised value thereof, and at 25 per cent. thereof.   (4) That said application of plaintiff to purchase said premises was denied by defendant, and plaintiff was duly advised of the same on, or soon after, the 21st day of June, 1898.   (5)   That said improvements were appraised in the sum of eighty-one dollars and ten cents ($81.10) by the defendant board, as appears from the books and records of the defendant board of commissioners, and the same have not been awarded or credited to plaintiff.   (6)   That said premises and improvements have been duly appraised, and said appraisement has been duly approved by the defendant. (7)   That plaintiff's grantors have occupied said land continuously from the month of August, A. D. 1867, to or about September 26, A. D. 1895, at which time it was duly assigned to the petitioner herein.'' The court made and filed its findings of fact in accordance with the foregoing stipulation, and as a conclusion of law found: (1) That the plaintiff has the preference right, and is entitled to purchase from the State the land described in her petition at 25 per cent. of the appraised value thereof; (2) that plaintiff is the owner of and entitled to the value of the improvements upon said land, and to have the same credited to her upon the books of the defendant board.   Judgment was entered in favor of plaintiff directing that defendant board recognize

plaintiff's reference right to purchase the land de-scribed, and to take such measures as may be necessary and proper in accordance with law to permit the plaintiff to pay for and obtain the title to said land, and to credit plaintiff with the appraised value of her improvements on the books of the board. From the foregoing judgment defendant, the State Board of Land Commissioners, appealed.

McCARTY, J., after making the foregoing statement of facts, delivered the opinion of the court.

Respondent (plaintiff below) bases her claim to a preference right to purchase the land in question upon section 19, c. 80, p. 242, Sess. Laws 1896, which, so far as material in this case, provides: "That when settlers have resided upon, occupied or cultivated any lands granted to the State for school purposes, prior to. the extension of the surveys of the United States over said lands, or who hold the same or the possession thereof, by purchase from the original settlers or their assigns, said original settlers having resided upon or occupied or cultivated such lands prior to the extension of the surveys of the United States over said lands, they may be permitted to purchase such lands at a price not less than 25 per cent. of its appraised value." This same law was re-enacted in 1897 (section 17, p. 65, Sess. Laws 1897.), with the further provision that all such claims must be made prior to July 24, 1897. The above provisions were incorporated into the Revised Statutes of 1898 (section 2337). In 1899 the entire law, excepting section 2337, was repealed by section 48, c. 64, p. 95, Sess. Laws 1899. Section 48 is as follows: "Title 62, Revised Statutes is hereby repealed, excepting section 2337 thereof, which section shall remain in force until all applications filed by virtue of the same are fully disposed of. This repeal shall not affect any rights accrued under the said title." Subsequently, and at the same session, the Legislature, by chapter 88, p. 165, declared, so far as material here, that: "Where settlers

have resided upon, occupied or cultivated any lands granted to the State for school purposes, prior to March 1, 1869, or who on January 1, 1894, held the same or the possession thereof by purchase from such settlers or occupants or their assigns, they may be permitted to purchase such lands at not less than twenty-five per cent. of the appraised value, provided that the purchase price shall not be less than $1.25 per acre.'' Appellant's theory, as we understand it, but which is not clearly defined, respecting the construction that should be given the foregoing provisions of the statutes, is that chapter 88, p. 165, Sess. Laws 1899, by implication absolutely repeals section 2337, Rev. St., and therefore, as respondent did not come into possession of and occupy the land in question until after January 1, 1894, whatever rights she may have acquired by virtue of section 2337 to purchase it are forfeited to the State.

It is a familiar rule of statutory construction that all statutes relating to the same subject-matter which are not necessarily inconsistent with each other are to be construed together as though they constituted one act, and, when it can be done with any reasonable construction, made to harmonize. Sutherland on Statutory Construction, 283. ''Especially is it the rule that different legislative enactments passed upon the same day, or at the same session, and relating to the same subject, are to be read as parts of the same act.'' Black, Inter. Laws, p. 207. Applying this rule to the case under consideration, it is evident that it was not the intention of the Legislature that chapter 88, p. 165, Sess. Laws 1899, should, by implication or otherwise, repeal section 2337, Rev. St., and operate retroactively to the prejudice of parties who had filed on school lands in pursuance of said section 2337, as the Legislature at the same session expressly continued in force the provisions of section 2337 ''until all applications filed by virtue of the same are fully disposed of.'' It was stipulated, and the court found, ''that plaintiff's grantors have occupied said land described in plaintiff's

petition continuously from the month of August, A. D. 1867, to on or about the 26th day of September, 1895, at which time it was duly assigned to plaintiff.'' Appellant, in its brief, says: "The meaning and intent of the statute is to prefer and give certain advantages to actual settlers—those who had settled upon school lands with honest intent and purpose to establish and build a home thereon.'' It will thus be observed that appellant has proceeded upon the theory that, in order to be an occupant of real property, a party must reside thereon. This is not the law. Occupancy does not necessarily include residence. Webster defines "occupancy" as "the act of taking or holding possession;" and an "occupant" as "one who occupies, or takes possession; one who has the actual use or possession, or is in possession, of a thing.'' In 2 Ralpj. & Lawrence's Dictionary, 893, we find that "in its usual sense, occupancy is when a person exercises physical control over land.'' In the case of Fleming v. Maddox, 30 Iowa 239 the court said: "A mechanic is in the occupation of his shop when he carries on his business; a merchant, of his store; a lawyer, of his office; a farmer, his farm. It is not necessary, to make his occupation complete, that the mechanic should reside in his shop, or upon the same lot. He is in occupation because he uses and enjoys it in carrying on his legitimate calling. So with the merchant, the lawyer, the farmer.'' 21 Am. & Eng. Encyl. Law, 767.

Another theory advanced by appellant is that, to entitle a party who has purchased the possessory right to school lands from the original settlers or occupants to the benefits of the foregoing provisions of the statutes, such party must first establish that the lands were purchased by him prior to January 1, 1894, and that he has since occupied them with the bona fide intention of building a home thereon. As hereinbefore stated, respondent's right to purchase the land in question must be determined by section 2337, Rev. St., which provides that when settlers have resided upon, occupied,

or cultivated any land granted to the State for school purposes prior to a certain date, or who hold the same, or the possession thereof, by purchase from the original settlers, the occupants have the preference right to pur- chase such lands on the terms therein specified. It being admitted that respondent's grantors occupied the land in question continuously from August, 1867, to September 26, 1895, on which last date it was assigned to respondent, who made application to purchase the same in due form and in the manner prescribed by law, the question resolves itself into the following proposition: Is a party who has thus purchased a possessory right from an original settler entitled to the same privileges and benefits under the statutes as his grantor would have been had such grantor continued in possession of the land, and not parted with his interest therein? The Supreme Court of the United States, in construing certain provisions of an act of Congress known as the "Townsite Law," in a case wherein practically the same principles of law were involved as are raised in this case, held that an occupant of a town lot may sell his right, and the purchaser acquire such right to the occupancy as will entitle him to a judgment for a conveyance. Hussey v. Smith, 99 U. S. 20, 25 L. Ed. 314. The same court, in Stringfellow v. Cain, reaffirmed this same doctrine. 99 U. S. 610, 25 L. Ed. 421. Hagar v. Wikoff, 2 Okl. 580, 39 Pac. 281. The principles thus declared by the highest court in the land are in harmony with our motion of justice and equity, and we know of no reason why they should be departed from in this case.

The judgment is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.