## RATLIFF v. FLEENER *et al.*

No. .6868.    Opinion Filed October 24, 1914.

(143 Pac. 1051.)

1.    **STATUTES—Construction—Statutes in Pari Materia.**  Inasmuch as Act approved May 1, 1913 (Sess. Laws 1913, c. 161), and Act approved May 19, 1913 (Sess. Laws 1913, c. 212), were passed at the same session of the Legislature, they should be construed together as in pari materia and as one act, so that all parts of the act may stand.

2.    **REGISTERS OF DEEDS—Existence of Office—Construction of Statute.**  Act approved May 1, 1913, and Act approved May 19, 1913, construed as one act, and the latter act held to operate as a proviso of the fifth section of the former act, so as to leave in existence the office of register of deeds in all counties in the state with a population of over 80,000.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Mandamus by Clifton Ratliff against George E. Fleener and others, members of the county election board of Oklahoma county.    Judgment for defendants, and plaintiff brings error. Reversed, and issuance of writ ordered.

*Jennings & Levy, Devereux & Hildreth,* and *Logan & Rummons,* for plaintiff in error.

*D. K. Pope,* Co. Atty., and *H. Y. Thompson,* Asst. Co. Atty., for defendants in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *S. I. Mc-Elhoes,* Asst. Attys. Gen., *amici curiae.*

TURNER, J.    From a judgment of the district court of Oklahoma county rendered and entered September 26, 1914, refusing to grant a peremptory writ of mandamus, requiring the county election board of Oklahoma county to place his name on the official ballot for the election to be held November 3, 1914, as an independent candidate for the office of register of deeds

of that county, Clifton Ratliff, plaintiff in error, plaintiff below, brings the case here.

Whether the writ should run depends upon a proper construction of an act of the Legislature entitled, "An Act consolidating the offices of clerk of the district court, county court clerk, superior court clerk, providing for assistant or deputy clerks for said office, and fixing the salary to be paid to same; consolidating the office of register of deeds and the county clerk, providing for the deputies of said office and fixing the salary for same; providing for the election and duties of said officer of said consolidated offices, and fixing the time when this act shall take effect," approved May 1, 1913 (Sess. Laws 1913, c. 161), and an act entitled, "An Act fixing the salary of county officers in counties having a population of over eighty thousand," approved May 19, 1913, passed at the same session of the Legislature (Sess. Laws 1913, c. 212). Being passed at the same session of the Legislature, these acts should be construed together as in pari materia and as one act, so that all parts of the act may stand.

In *McGrady v. Terrell, Commissioner,* 98 Tex. 427, 84 S. W. 641, it is said that where two laws are passed at the same session of the Legislature, they are to be construed as though they were one act, and the later held not to repeal the former unless conflict between them is irreconcilable.

In *State v. Rackley,* 2 Blackf. (Ind.) 249, it is said that:

"Statutes enacted at the same session of the Legislature are to be taken *in pari materia,* and should receive a construction which will give effect to each if possible. But if each of them cannot have the same entire effect when taken in connection with the others that it would have if taken singly, they must be so construed as to give effect to what appears to have been the main intention of the Legislature."

And in 36 Cyc. 1147:

"Statutes *in pari materia* are those which relate to the same person or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law."

Construed as one act, inasmuch as the function of a proviso is to limit the language preceding it (*Shawnee Gas, etc., Co. v. State Corporation Commission,* 35 Okla. 454, 130 Pac. 127), section 1 of the Act approved May 19, 1913, should operate as a proviso on section 5 of the Act approved May 1, 1913, and together they should read (section 5): "The office of the register of deeds is hereby consolidated with the office of county clerk in all counties of this state, and said office so consolidated shall be hereafter known as the county clerk, and in addition to the duties now imposed upon the county clerk by law he shall perform the same duties that are now performed by the register of deeds," provided, however, that this act shall not apply to counties having a population of over 80,000; but (section 1) "in all counties having a population of over eighty thousand, the treasurer shall receive as his full compensation a salary of $2,500.00 per annum, the county judge shall receive as his full compensation a salary of $2,400 per annum and the sheriff, the clerk of the superior court, the county clerk and register of deeds, shall each receive as their full compensation a salary of $2,100.00 per annum."

And with this intent in view, section 11 should read: That the office of the clerk of the district court, clerk of the county court, clerk of the superior court, and register of deeds are hereby abolished on and after the first Monday in January, 1915, except in counties having a population of over 80,000. This construction is in keeping with the rule laid down in *Garton et. ux. v. Hudson-Kimberly Pub. Co.,* 8 Okla. 631, 58 Pac. 946. In that case a statute upon "conveyances" and another upon "transfers" which contained different forms of acknowledgment were a part of the statutes of the territory in 1890 and were re-adopted as a part of the statutes in 1893. In determining which was proper the court, in the syllabus, said:

"Inasmuch as the statutes relate to the same subject-matter, they should be construed together, and effect given to each, and this rule should be especially held where statutes relating to the same subject-matter have been enacted at the same legislative session, rather than to infer that one of the statutes was meant to destroy the other."

See, also, 26 Am. & Eng. Enc. of Law, p. 623; *M., O. & G. Ry. Co. v. State,* 29 Okla. 640, 119 Pac. 117; *Curry et al. v. Lehman,* 55 Fla. 847, 47 South. 18; *Moss v. United States,* 29 App. D. C. 189; *Twiggs v. State Bd. of Land Commissioners,* 27 Utah, 241, 75 Pac. 729; *Curtwright v. Crow,* 44 Mo. App. 563; *Chandler v. Lee,* 1 Idaho, 349.

It is unnecessary for us to pass upon the constitutionality of either act to establish plaintiff's right to the writ. We are therefore of the opinion that the judgment of the trial court was wrong, and the writ should go. It is so ordered.

All the Justices concur.