# BOARD OF COM'RS OF OKLAHOMA COUNTY v. BEATY, *Court Clerk.*

### No. 7552. Opinion Filed by April 11, 1916.

### (156 Pac. 1181.)

1. **CLERKS OF COURTS—Court Clerk—Creation of Office.** The office of court clerk of Oklahoma county, a county having a population of over 80,000 inhabitants, was created by chapter 161, Session Laws 1913.

2. **SAME—Term of Office—Commencement.** Section 10 of chapter 161, Session Laws 1913, provides, in effect, that the court clerk shall be nominated and elected at the primary and general election in the year 1914, and shall enter upon his duties on the first Monday in January, 1915.

3. **SAME—Compensation.** Section 9 of article 161, Session Laws 1913, provides that the court clerk shall receive the same salary as compensation for his services as is provided by law for the district court clerk. ·

4. **SAME.** It was agreed that B. was nominated and elected to fill the office of court clerk for Oklahoma county, pursuant to section 10, **supra,** and that he qualified and took possession of his office on the first Monday in January, 1915, and that the salary of the clerk of the district court, prior to the abolition of that office, was fixed by law at the sum of $3,000 per annum. **Held,** that B. is entitled to the salary of $3,000 per annum, payable monthly, during the term of office for which he was elected.

5. **SAME—Statutory Provisions.** Chapter 235 of Session Laws 1913, which purports to fix the salary of court clerk in counties having a population of more than 80,000, as shown by the federal census of 1910, at $2,100 per annum, payable annually, falls within the rule laid down by this court in **Bonnett v. State ex rel. Newer,** 47 Okla. 503, 150 Pac. 198, and is therefore unconstitutional.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by James Beaty, Court Clerk of Oklahoma County, against the Board of County Commissioners of

Oklahoma County. Judgment for plaintiff, and defendant brings error. Affirmed.

*John Embry*, County Attorney, and *Sam Hooker*, Assistant County Attorney, for plaintiff in error.

*Harris, Nowlin & Singleton*, for defendant in error.

KANE, C. J. This cause was presented to the court below upon an agreed statement of facts. The questions of law involved arise out of a controversy between the board of county commissioners of Oklahoma county, the plaintiff in error herein, and James Beaty, the defendant in error, who is the present incumbent of the office of court clerk of Oklahoma county. The trial court decided the controversy in favor of Mr. Beaty, whereupon the board of county commissioners, not being satisfied with the judgment of the lower court, instituted this proceeding in error.

The propositions of law involved may be briefly stated as follows: (1) Whether chapter 161 of the Session Laws of 1913 created the office of court clerk for Oklahoma county. (2) Whether James Beaty, being duly elected and qualified to fill the said office, was entitled to the possession, salary, and emoluments thereof from and after the first Monday in January, 1915. (3) Whether the salary and emoluments of said office were in the sum of $3,000 per annum during the term for which said James Beaty was elected and qualified, as provided by section 9, c. 161, Session Laws 1913.

As we understand the contention of counsel for plaintiff in error on the first proposition, it is this: That inasmuch as this court, in *Ratliff v. Fleener*, 43 Okla. 653, 143 Pac. 1051, wherein the office of register of deeds was involved, held that the act approved May 1, 1913, and

act approved May 19, 1913 (Laws 1913, c. 212), con-
strued as one act and the latter act held to operate as
a proviso of the fifth section of the former act, had the
effect of leaving in existence the office of register of
deeds in all counties in the state with a population of
over 80,000, by parity of reasoning the office of court
clerk in such counties was not created by said act, and
therefore did not come into existence in such counties
until the passage of the act of February 1, 1915 (Laws
1915, c. 6).

We do not believe that this position is tenable. Let
us first examine the sections of chapter 161, Session
Laws 1913, applicable to the office of court clerk. Section
1 provides, in effect, that the office of clerk of the dis-
trict court, clerk of the county court in all counties, and
clerk of the superior court in counties in which the
superior court is located, are hereby consolidated, and
the successor to the clerks of the different courts herein
referred to shall be designated and known as the "court
clerk" and shall perform all duties now required by law
to be performed by the district clerk, clerk of the county
court, and clerk of the superior court. Section 9 pro-
vides that the court clerk shall receive the same salary
as compensation for his services as is provided by law
for the district clerk. Section 10 provides, in effect, that
the court clerk shall be nominated and elected at the
primary and general election in the year 1914 and shall
enter upon the duties of his office on the first Monday in
January, 1915.

It seems to us that mere statement of the substance
of the foregoing sections in narrative form leaves little
room for any question to arise as to the intention of

the Legislature.  As they stand, clearly the purpose was to consolidate the office of clerk of the district court, clerk of the county court in all counties, and clerk of the superior court in the counties in which a superior court is located, and to create in lieu of these offices the office of court clerk, fix the salary thereof, and provide for the nomination and election of an officer to fill the same.  Nowhere do we find, as in *Ratliff v. Fleener, supra,* any subsequent act germane to the same subject which in any way limits the language of the sections as above set out, or which may properly be held to operate as a proviso to them.  It is true that section 5 of chapter 161, *supra,* in just as clear and unambiguous language consolidated the office of register of deeds with the office of county clerk in all counties in this state; but the court, in *Ratliff v. Fleener, supra,* held that section 1 of chapter 212 of the acts of this same Legislature operated as a proviso of the fifth section of the former act and limited the general language thereof.  The section which it was held operated as a proviso provides that:

"In all counties having a population of over eighty thousand, the treasurer shall receive as his full compensation a salary of $2,500.00 per annum, and the county judge shall receive as his full compensation a salary of $2,400.00 per annum, and the sheriff, the clerk of the superior court, county clerk and register of deeds, shall each receive as their full compensation a salary of $2,100.00 per annum."

The basis of the court's holding in that case was that inasmuch as the Legislature subsequently recognized the continued existence of the offices of register of deeds and county clerk, by fixing the salary thereof, it thereby evinced the purpose to withdraw such offices from the

general operation of the consolidation act. Giving this section its broadest interpretation as an amendment or proviso to chapter 61, *supra*, the most that can be said of it is that it withdrew from the operation of the former sections the following offices, to wit: treasurer, county judge, sheriff, clerk of the superior court, county clerk, and register of deeds, the offices specifically mentioned therein. It did not mention or refer to the offices of clerk of the district court, or clerk of the county court, which offices by said chapter 161, *supra*, were abolished and consolidated in the office of court clerk. This, we think, clearly distinguishes the case at bar from *Ratliff v. Fleener*, *supra*.

The remaining questions are practically answered by what we have already said. If, as we have held, the office of court clerk was created in Oklahoma county by chapter 161, *supra*, and James Beaty, as it is agreed between the parties, was duly elected and qualified to fill said office of court clerk, he, of course, was entitled to the possession, salary, and emoluments of the office from and after the first Monday in January, 1915. As we have heretofore seen, section 9 of chapter 161, *supra*, provides that the court clerk shall receive the same salary for his services as is provided by law for the clerk of the district court. As it is stipulated between the parties that the salary of the clerk of the district court was fixed at $3,000.00 per annum, nothing more is necessary to be said on that question.

It seems to be conceded that by chapter 235 of the Session Laws of 1913, which purports to fix the salary of court clerk in counties having a population of more than 80,000, as shown by the federal census of 1910, at $2,100 per annum, payable annually, falls within the rule

laid down by this court in *Bonnett v. State ex rel. Newer,* 47 Okla. 503, 150 Pac. 198, and is therefore unconstitutional.

For the reason stated, the judgment of the court below, to the effect that the board of county commissioners of Oklahoma county pay to James Beaty, as court clerk, a salary at the rate of $250 per month, for that part of the month of January, 1915, commencing on January 4th, and ending January 31, 1915, and that said board of county commissioners pay to the said James Beaty, as court clerk, as salary $250 per month for each and every month during the term of office for which he was elected, must be affirmed.

All the Justices concur.