# THE STATE ex inf. JESSE W. BARRETT, Attorney-General, v. FERD DALLMEYER.

### In Banc, December 6, 1922.

1. **STATUTE: To Take Effect Upon Contingency: Referendum.** The Legislature may enact a law to take effect upon the happening of a future event or contingency, and the operation of an act repealing an existing law may be suspended by referendum, and the effect of such referendum would be to leave the law attempted to be repealed in force.

2. ———: ———: ———: **In Pari Materia.** If two acts enacted at the same session of the Legislature are *in pari materia*, and the validity of the one is made to depend on the effective operation of the other, and the operation of said other is suspended by referendum, the operation of the first and so much of it as attempts to repeal existing laws are likewise suspended.

3. **ABOLISHING OFFICE: Tranfer of Duties to Another Office: Referendum.** The Act of 1921 (Laws 1921, p. 405) abolished the office of Inspector of Hotels and repealed the statute (Sec. 5888, R. S. 1919) authorizing the Governor to appoint such officer, and transferred all the rights, powers and duties vested by existing laws in inspectors of hotels to and conferred them upon the Supervisor of Public Welfare, and at the same session the Legislature passed another act (Laws 1921, p. 589) creating the office of Supervisor of Public Welfare, and this act was by referendum referred to the people and thereafter the Governor in June, 1922, appointed respondent Inspector of Hotels under said Section 5888. *Held*, that the two acts were *in pari materia*, and the effect of the referendum of the second was to suspend the operation of the first and to leave said Section 5888 in full force during the period of said suspension, and the office of Inspector of Hotels was not abolished during said period and respondent cannot be ousted from said office on the theory that it had been abolished. [WALKER, HIGBEE and DAVID E. BLAIR, JJ., dissenting.]

   *Held*, by WALKER, J., dissenting, first, that the act abolishing the office of Inspector of Hotels and repealing the statute creating that office (Sec. 5888, R. S. 1919) is unequivocal in its terms, and contains no words indicative of any legislative intention to defer its operation, and, in the absence of such words, the act became effective in ninety days after the ad-

journment of the session of the General Assembly at which it was enacted, there being no referendum as to it. The time when the act will take effect cannot be determined by speculation, or conjecture or implication, and there being no words in the act indicative of such time it must take effect as required by the Constitution. *Second*, there is nothing in the Constitution lending countenance to the theory that the reference of the act creating the office of Supervisor of Public Welfare likewise referred or suspended the act abolishing the office of Inspector of Hotels. Except to transfer the powers of the Inspector to the Supervisor, the one had nothing to do with the other, and neither impliedly or otherwise did either refer to the other. *Third*, the doctrine of *in pari materia* has no application. The two acts are not of the same nature, their relation consisting solely in the fact that the duties and powers of an official are attempted to be transferred to another created by the one act referred, and only the one embodying the repeal of the existing law is subject to construction, because by it respondent's right to the office is to be determined.

4. ———: ———: **Complementary Acts on Same Subject: Consolidation Bills: Current History.** It is to be presumed that different acts on the same subject and passed at the same session of the Legislature are imbued with the same spirit and are parts of the same policy, and should be construed in the light of each other, and courts will also construe them in the light of current history, of which they take judicial knowledge. It is common knowledge that it was the aim of the General Assembly of 1921 to unite into one department having a single head various departments having kindred duties theretofore performed under separate management, and a part of this policy was to abolish the office of Inspector of Hotels and transfer its duties, along with those of others, to a new department attempted to be created by the act creating the office of Supervisor of Public Welfare; and the filing of proper referendum petitions referring to the people the act creating the office of Supervisor of Public Welfare, not only suspended its operation, but along with its suspension was suspended the operation of the kindred act abolishing the office of Inspector of Hotels and repealing the existing statute (Sec. 5888, R. S. 1919) authorizing the Governor to appoint such inspector; and both acts being thus suspended, the respondent, appointed Inspector of Hotels after referendum petitions were filed, is entitled to hold said office during the period of said suspension. [WALKER, HIGBEE and DAVID E. BLAIR, JJ., dissenting.]

*Quo Warranto.*

PRELIMINARY RULE QUASHED.

*Jesse W. Barrett,* Attorney-General, and *Merrill E. Otis,* Assistant Attorney-General, for informant.

*Irwin & Haley* for respondent.

ELDER, J.—This is an original proceeding by information in the nature of *quo warranto,* brought by the Attorney-General, on his own relation and in his official capacity, seeking to determine by what right respondent, Ferd Dallmeyer, Inspector of Hotels, and of Hotels.

The information, caption omitted, is as follows:

"Comes now the State of Missouri at the relation of Jesse W. Barrett, Attorney-General, and informs the court that on the 27th day of June, 1922, the Honorable Arthur M. Hyde, Governor of Missouri, purporting to act under the authority conferred upon him by Section 5888, Revised Statutes of Missouri of 1919, appointed respondent Ferd Dallmeyer holds the office of Inspector that said respondent thereupon duly qualified and is exercising the powers and duties conferred by Section 5890, Revised Statutes of Missouri of 1919. '

"Informant states that by an Act of the General Assembly of Missouri, approved March 24, 1921, Laws of Missouri 1921, page 405, said Section 5888, Revised Statutes of Missouri for 1919, was repealed and the office of Inspector of Hotels abolished.

"Wherefore informant states that respondent is unlawfully holding said office of Inspector of Hotels and prays the court to make an order on respondent requiring him to show by what right or title he is holding said office and attempting to discharge and exercise its powers and duties."

Respondent waived the issuance of the writ, stipulated that the petition of relator should be taken as and for the writ, and made return as follows:

"Comes now Ferd Dallmeyer, respondent in the above entitled cause, and for his return to the writ of *quo warranto* heretofore issued herein, admits that on the 27th day of June, 1922, the Honorable Arthur M. Hyde, Governor of Missouri, purporting to act under the authority conferred upon him by Section 5888 of the Revised Statutes of Missouri of 1919, appointed respondent Inspector of Hotels, and respondent further admits that he thereupon duly qualified and is now exercising and since the 27th day of June, 1922, has exercised the powers and duties conferred by Section 5890 of the Revised Statutes of Missouri of 1919.

"Respondent denies that by an act of the General Assembly of Missouri, approved March 24, 1921, Laws of Missouri 1921, page 405, said Section 5888 of the Revised Statutes of Missouri of 1919, was repealed and the office of Inspector of Hotels abolished.

"Respondent states that the act of the General Assembly of Missouri, aforesaid, approved March 24, 1921, was in words and figures as follows:

" 'An Act to abolish the office of Inspector of Hotels and to confer the rights, powers and duties of such officer on the Supervisor of Public Welfare, and to repeal Section 5888, Revised Statutes of Missouri, 1919.

" 'Section 1. *Abolishing office of Inspector of Hotels*—Duties vested in and conferred upon Supervisor of Public Welfare.—The office of Inspector of Hotels as provided for by Section 5888 of Chapter 45 of the Revised Statutes of, Missouri 1919, is hereby abolished and all the rights, powers and duties now vested by law in the inspectors of hotels by virtue of the provisions of Chapter 45, Revised Statutes of Missouri, 1919, relating to hotels, inns and boarding houses, are hereby vested in and conferred upon the office of Supervisor of Public Welfare.

295 Mo.—41

" 'Section 2. *Conflicting laws repealed.*—Section 5888, and all laws and parts of laws in conflict herewith are hereby repealed.'

"Respondent says that the said act of the General Assembly of Missouri, approved March 24, 1921, did not become effective for the reason that by its terms and provisions it was to be effective only when the office of Supervisor of Public Welfare should come into existence, but respondent says that the law creating the office of Supervisor of Public Welfare, approved March 27, 1921, appearing in the Laws of Missouri for 1921 at page 589, was suspended by the filing of referendum petitions. Respondent states that the act of the General Assembly purporting to abolish the office of Inspector of Hotels was, by the suspending of the act creating the office of Supervisor of Public Welfare, also suspended, and that, therefore, Section 5888, Revised Statutes of Missouri for 1919, is still in full force and effect.

"Wherefore, respondent states that he is lawfully holding the office of Hotel Inspector and that the writ of *quo warranto* is improvidently issued and should be quashed."

Upon the filing of the return, relator moved for judgment on the pleadings.

Such is the case before us. It is one of first impression in this State, and, as far as our investigation discloses, finds no precedent in other jurisdictions.

I. Relator contends that Section 5888, Revised Statutes 1919, creating the office of Inspector of Hotels, was repealed by the act approved March 24, 1921, Laws 1921, page 405, and that the office of Inspector of Hotels was abolished; that since said office does not legally exist, respondent can have no valid right or title thereto and should be ousted therefrom.

Referendum:
Kindred Acts:
Effect on Both.

By reference to the above mentioned Act of 1921, set forth in full in the return of respondent, it will be noted that the said act abolishes the office of Inspector

of Hotels, and vests the rights, powers and duties of such office in the office of Supervisor of Public Welfare. But, by the return of respondent it is shown that the law creating the office of Supervisor of Public Welfare, Laws 1921, page 589, likewise approved March 24, 1921, was suspended by the filing of referendum petitions. Respondent therefore argues that the suspension of said act necessarily postponed the effective date of the act repealing Section 5888, and, as a corollary, that the abolition of the office of Inspector of Hotels only becomes operative upon the creation of the office of Supervisor of Public Welfare, which the filing of the referendum petitions had the effect of deferring.

That the Legislature may enact a law to take effect upon the happening of a future event or contingency has long since, and again comparatively recently, been decided by this court. [State ex rel. Dome v. Wilcox, 45 Mo. 458; Hall v. Sedalia, 232 Mo. 344.]

As said in State ex rel. Dome v. Wilcox, supra, l. c. 464: "The proposition cannot be successfully controverted, that a law may be passed to take effect on the happening of a future event or contingency. The future event—the happening of the contingency, or the fulfillment of a condition—affords no additional efficacy to the law, but simply furnishes the occasion for the exercise of the power. The law is complete and effective when it has passed through the forms prescribed for its enactment, though it may not operate, or its influence may not be felt, until a subject has arisen upon which it can act."

If, therefore, it be true that the Legislature may postpone the effective date of a law, by an analogy of reasoning it must also follow that the operation of a statute may be deferred by the invocation of the referendum, for the exercise of legislative power by the people through the referendum is simply a reservation to themselves of a share of the legislative power. Accordingly, when the act creating the office of Supervisor

of Public Welfare was suspended by the filing of referendum petitions, such action necessarily postponed the operation of the act repealing Section 5888 for the reasons (1) that the two statutes are *in pari materia* and must be considered together and (2) that the abolition of the office of Inspector of Hotels, was, from the face of the act, dependent upon the existence of the successor office of Supervisor of Public Welfare, to which the rights, powers and duties of the office abolished were to be transferred. Each of the two component parts of the repealing statutes, to-wit, the abolition of one office and the transfer of the powers and duties of that office to another, are inseparable, and if one portion of the statute is rendered inoperative, the other must likewise fail. And the fact that the two acts (that creating the office of Supervisor of Public Welfare and that repealing Section 5888) are *in pari materia,* and that they were passed at the same session of the Legislature and approved on the same day, makes the rule that they must be construed together applicable with peculiar force. [36 Cyc. 1151; Curtwright v. Crow, 44 Mo. App. 563; Swinney v. Railroad Co., 123 Ind. 219; Stuart v. Chapman, 104 Me. 17; Smith v. People, 47 N. Y. 330; Chandler v. Lee, 1 Idaho, 349.]

II. Another doctrine entering into a consideration of the question before us is that it is to be presumed that different acts on the same subject, passed at the same session of the Legislature, are imbued with the same spirit and actuated by the same policy, and they should be construed each in the light of the other. [Curry v. Lehman, 55 Fla. 847; 36 Cyc. 1151; Grant v. Cooke, 7 D. C. 165.]

Still another doctrine relevant to the laws under review, recently enunciated by GRAVES, J., in a separate concurring opinion in State ex rel. Pollock v. Becker, 289 Mo. 660, 233 S. W. l. c. 646, is that courts take judicial knowledge of current history. As there said, "What all know the courts must judicially know."

Applying these two doctrines to the instant case, it is a matter of common knowledge that it was the aim of the Fifty-first General-Assembly to unite.in one department, under one head, various departments having duties of a kindred nature, which had theretofore been under separate management and control. This policy was generally referred to, in the press and otherwise, as the ''consolidation program,'' a term which came to be familiar to the individual members of this court. Viewing the act abolishing the office of Inspector of Hotels in the light of this.history, it is manifest that the abolition of that office was intended to become effective only upon the creation of the office of Supervisor of Public Welfare, which department was to take over the work of the hotel inspection department. Undoubtedly such was the motive which actuated the Legislature, and such must be the interpretation which we are called upon to give the act. The filing of referendum petitions, however, had the effect of postponing the creation of the office of Supervisor of Public Welfare. It follows, therefore, that the abolition of the office of Inspector of Hotels was likewise postponed pending the outcome of the referendum, and Section 5888, which was sought to be repealed, was left in force.

If the referendum results in the defeat of the act creating the office of Supervisor of Public Welfare, Section 5888 remains in force. If, on the other hand, the act is ratified, the office of Supervisor of Public Welfare comes into being and the office of Inspector of Hotels is abolished.

By Section 5888, the Governor is empowered to appoint an Inspector of Hotels. Nothing appearing that the appointment of respondent is in any way illegal or that he is disqualified from holding the office, we therefore rule that the writ of *quo warranto* heretofore issued should be quashed. It is so ordered. *Woodson, C. J.,* and *Graves* and *James T. Blair, JJ.,* concur; *Higbee, David E. Blair* and *Walker, JJ., dissent, Walker, J.,* in separate opinion.

WALKER, J. (dissenting).—I do not agree with either the reasoning or the conclusion of the majority opinion. The act abolishing the office of Hotel Inspector and repealing the section of the statute creating that office is unequivocal in its terms. [Laws 1921, p. 405.] In the absence of any qualifying words, it became operative under the mandatory constitutional requirement at the end of ninety days after the adjournment of the General-Assembly. The provision contained in the act that the powers possessed by the inspector are thereafter to be exercised by a Supervisor of Public Welfare is indicative of the legislative intention in this respect but of nothing more. There are no words intimating a purpose to defer the operative effect of the act, and, in their absence, we are not authorized to indulge in speculation or conjecture as to when that will occur, dependent upon the fact of other legislation although such legislation may seek to create the office of the Supervisor in whom the powers to be transferred are reposed. In short, the time of the taking of effect of a statute cannot be determined by implication. If there are no words indicative of that time, then the act must become operative as required by the organic law. We have frequently held that the Legislature may provide that a law shall take effect at a later date than the ninety days fixed by the Constitution. Each of the acts construed, however, contained the required proviso or our rulings would have been otherwise.

There is nothing in the referendum provision of the Constitution which lends countenance to the conclusion that the reference of the act creating the Supervisor (Laws 1921, p. 589) likewise referred or held in abeyance the repealing act. The one, except as to the transfer of the powers of the inspector, had nothing to do with the other. In fact neither impliedly or otherwise did either refer to the other as would have been an easy matter for the Legislature had the interdependence of these acts been deemed material. It was not, however,

and the referendum of the act creating the Supervisor was all that could be held in abeyance until its fate was determined by the electorate.

Refuge is also sought in the doctrine of *in pari materia* to sustain the conclusion that the operation of the repealing act is suspended pending the reference of the act creating the Supervisor. This doctrine has no appropriate application here. The acts under review are not of the same nature. Their relation consists solely in the fact that the duties and powers of one official (already defined in a statute long in force and having no connection with this controversy) are attempted to be transferred to another sought to be created by the referred statute. Nor is the meaning of either of these acts as determined by their respective subject-matters in any way to be measured by that of the other. They are clearly, therefore, not within the purview of the doctrine invoked. Furthermore, only one of these acts, that embodying the repeal, is subject to construction, because from its terms must the rights of the respondent be determined. There is, therefore, lacking an essential to the application of the doctrine invoked, viz., two or more statutes of like subject-matter.

One of the many recent instances of the espionage by the State over private business under the sweeping pinions of the police power is the inspection of hotels. If therefore the exercise of this power tends to increase the comfort of the itinerant it is unfortunate that the operation of the law is interfered with by the repeal of the section creating the inspector. It is not our province, however, or within our power to make laws, but to construe them as made. *Jus dicere, non dare.* Thus courts have ever properly been limited. We cannot hold otherwise than that there is no authority for the appointment of the respondent and that the writ of ouster should go.