## WILLIAMS, SHERIFF, v. KERSHAW CO.

CONSTRUCTION OF STATUTES—DIETING PRISONERS.—When the legislature passes an amendatory act, which is repugnant to the provisions of other independent acts enacted since the act amended, such independent act is repealed by the amendatory act, whether it carries a repealing clause or not.

Before BUCHANAN, J., Kershaw, June, 1899.    Affirmed.

Claim of B. B. Williams, sheriff of Kershaw County, against said county for dieting prisoners. From Circuit decree reversing action of County Commissioners, the county appeals.

*Mr. C. L. Winkler,* for appellant, cites: Rev. Stat., 2561; 22 Stat., 226, 474, 740; 30 S. C., 410; 17 S. C., 148; 37 S. C., 558; 13 S. C., 1.

*Mr. J. P. Hay,* contra (oral argument).

January 3, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from the judgment of the Circuit Court, reversing an order of the county board of commissioners, and deciding that, since March, 1898, the sheriff of Kershaw County is entitled to the sum of thirty cents per day for dieting prisoners in jail.   Section 2553, Rev. Stat. of 1893, is as follows: "The several officers hereinafter named, shall be entitled to receive and recover the fees and costs prescribed in this chapter, and none other, for the services herein enumerated."   In section 2561, under the head of "Sheriffs," the following, amongst other items, appears: "dieting prisoners in jail per day, thirty cents."   An act was passed in 1896, 22 Stat., 226, entitled "An act to regulate the dieting of all prisoners before and after conviction, when in the custody of the supervisors and sheriffs of this State," which contained a provision that

"all sheriffs of the several counties of this State shall diet all prisoners while confined within jails * * * at twenty cents per diem." There was a *proviso* in said act that its provisions should not apply to certain counties, including the county of Kershaw. In 1897, that act, 22 Stat., 494, was amended by striking out Kershaw County in the said *proviso* exempting certain counties from the operation of said act. The act of 1897 contained the ordinary repealing clause. In 1898, an act, 22 Stat., 740, was passed, entitled "An act to amend section 2437, General Statutes, being section 2561, Revised Statutes, by adding at the end of said section a proviso allowing only twenty-five cents per day for dieting prisoners in the jail in Charleston and Aiken Counties." The act then proceeds to state how it will read as amended, and sets forth the item, "dieting prisoners in jail per day, thirty cents." The practical question raised by the exception is whether his Honor, the Circuit Judge, erred in his construction of said statutes. Section 2553, hereinbefore mentioned, shows that when the Legislature enacted the provisions of section 2561, it undertook to deal with the entire subject relative to the compensation *per diem* for dieting prisoners in jails. In 1898, when an amendatory act was passed, embodying the language contained in section 2561, together with additional words as a proviso, we cannot escape the conclusion that it was intended to legislate again upon the entire subject, and as the acts of 1896 and 1897 are repugnant to the amendatory act of 1898, the latter must prevail. The fact that the legislature in 1898 passed an act amending section 2561 instead of an independent act, as in 1896 and 1897, tends to confirm the conclusion that the amendatory act was intended to embrace the entire subject relative to compensation *per diem* for dieting prisoners in jails.

There is another view of the question presented by the exceptions. So much of section 2561 was repealed by the acts of 1896 and 1897 as subjected certain counties to the provisions of said acts. The said section was thereafter to be read as if the provisions of those acts had been incorpo-

26—56

rated as a part of said section. If the acts of 1896 and 1897 had in terms been incorporated as amendments to section 2561, and they had been left out when under a subsequent amendatory act it was provided how the section would read as amended, they would no longer have remained of force, but would thereby have been repealed. The acts of 1896 and 1897 were in effect amendments to section 2561, and re-pugnant to its provisions. When, therefore, the amenda-tory act of 1898 was passed, adding certain words and pro-viding how the section would read as amended without re-ferring to those acts, it must be concluded that they were thereby repealed. The Circuit Judge was, therefore, cor-rect in his construction of the said statutes, and the excep-tions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.