SARAH C. HAWES v. JACOB FLIEGLER.[1]

November 7, 1902.

Nos. 13,086—(74).

**City of St. Paul—Sprinkling Assessment.**

Sp. Laws 1887, c. 7, § 36, which was amended by Sp. Laws 1891, c. 12, § 5, whereby two publications of applications for judgment by the city treasurer for street-sprinkling assessments are required, has not been changed, so as to reduce the number of publications to one, by Sp. Laws 1891, c. 7, § 7.

**Local Assessment—Sale—Defective Notice.**

Upon the facts in this case, *held*, that a sale of real property, on judgment for street-sprinkling assessments, under the St. Paul city charter, was invalid for failure to give sufficient notice by publication of the application for such judgment by the city treasurer.

Action of ejectment in the district court for Ramsey county. The case was tried before Kelly, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Isaac A. Barnes* and *Edward Savage*, for appellant.

The re-enactment of a statute with modifications does not affect those parts of the original law which remain unaltered. McLaughlin v. Mayor, 57 N. J. L. 298; Callahan v. Jennings, 16 Colo. 471; State v. Kibling, 63 Vt. 636; Gibbs v. Queen, 63 N. Y. 114; Anding v. Levy, 57 Miss. 51; United v. Benshimol, 130 Mass. 325, 327; Bear Lake Co. v. Garland, 164 U. S. 1. Where a repealing law contains a substantial re-enactment of the previous law the operation of the latter continues uninterrupted. Dashiell v. Mayor, 45 Md. 615, 624. The part which remains unchanged is to be considered as having continued to be the law from the time of its first enactment. State v. Horton, 21 Nev. 300; Junction City v. Webb, 44 Kan. 71; State v. Bemis, 45 Neb. 724; State v. Mines, 38 W. Va. 125; Baines v. City, 100 Wis. 369; Burwell v. Tullis, 12 Minn. 486 (572). The provisions of the original which are merely copied and retained

[1] Reported in 92 N. W. 223.

in the new section without change are not repealed and re-enacted, but continue to be the law as before. Kerlinger v. Barnes, 14 Minn. 398 (526); St. Paul, M. & M. Ry. Co. v. Broulette, 65 Minn. 367; Town of Maple Lake v. Wright County, 12 Minn. 287 (403). A later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first. Powell v. King, 78 Minn. 83; Gaston v. Merriam, 33 Minn. 271. It is not permitted to interpret what has no need of interpretation. When an act is conceived in clear and precise terms; when the sense is manifest and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents. To go elsewhere in search of conjectures in order to restrain or extinguish it is to endeavor to elude it. Potter's Dwarris Stat. 126; United States v. Hartwell, 6 Wall. 385; McCluskey v. Cromwell, 11 N. Y. 593; Minnesota & Pac. R. Co. v. Sibley, 2 Minn. 1 (13). It makes no difference whether the lawmakers observed any seeming inconsistency between the two amendments or not. For if not, they doubtless intended in each case the change to which their attention would be naturally called; while, on the other hand, if they did, they are presumed to know the rule of interpretation promulgated by the courts, and to expect it to be applied. State v. Brewer, 22 La. An. 273, 275; Hakes v. Peck, 30 How. Pr. 104; Powers v. Shepard, 48 N. Y. 540; Barton v. Moscow, 2 Idaho, 998.

*Warner & Lawrence*, for respondent.

Where property is actually occupied, it is incompetent for the legislature, unconstitutional, not due process of law under either the state or the federal constitution, to provide that the owner may be divested of his rights in that property by a judgment of the district court, based upon purely constructive notice obtained by publication of the process on summons in a newspaper. It is the policy of the law that if a judgment of a court of general jurisdiction shall be obtained, then in order to clothe that judgment with all the attributes of a judgment, absolute verity, etc., jurisdic-

tion must be obtained in a manner recognized as "due process of law," that is by personal notice or seizure of the res, where it is possible to do so. Pennoyer v. Neff, 95 U. S. 714; Lydiard v. Chute, 45 Minn. 277; Windsor v. McVeigh, 93 U. S. 274.

LOVELY, J.

Action to recover a city lot in St. Paul claimed upon two tax-sale judgments for local improvements which were assigned to plaintiff, who brings ejectment for the property. Possession by defendant is admitted, and plaintiff's ownership denied. The cause was tried to the court, who found for defendant. Judgment was duly entered. Plaintiff appeals.

Defendant's title is herein attacked upon certificates issued for assessments by the city for street sprinkling held to be authorized as local improvements in State v. Reis, 38 Minn. 371, 38 N. W. 97. Several important contentions have been urged for defendant on this review, but, having reached the conclusion that the sale by the city treasurer was void for failure to give the requisite notice provided by law, it is not necessary to go further than this preliminary inquiry, or to reconsider the questions involved in State v. Reis, supra, as we have been urged to do by respondent's counsel, since it must be held that the proceeding for the assessment of benefits against the lot in question was invalid, if Sp. Laws 1887, c. 7, § 36 (a part of the city charter of St. Paul), has not been changed otherwise than by Sp. Laws 1891, c. 12, § 5, which provides that "the city treasurer shall [in such case] previously give at least ten days' notice by two publications in the official paper of said city of his intended application for judgment," for in each instance but one publication was made.

It is claimed, however, in behalf of plaintiff, that the requirement for two publications before judgment was changed by Sp. Laws 1891, c. 7, § 7, which provides, in terms,

"That all notices required by the charter of the city of St. Paul to be given in the official paper of said city by the board of public works, or city treasurer, relating to assessments, shall be published but one time, except notices for the reception of bids for making of local improvements," etc.

This is one of several sections of an entire chapter amending the St. Paul charter, which we find, upon consulting the legislative journals, passed both houses and received final approval in the senate on April 16, 1891. On the second day following the passage of the section last quoted, Sp. Laws 1887, c. 7, § 36, requiring two published notices, was re-enacted, with the following proviso added:

"Such personal notice [of application for judgment] may be made by depositing in the St. Paul postoffice a postal card, addressed to the property owners to be assessed, or their agents resident in St. Paul, upon which card shall be printed or written such notice of application for judgment, but the failure to give such notice shall in no wise affect the validity of the judgment applied for or any of the proceedings." Sp. Laws 1891, c. 12, § 5.

Both laws were approved by the governor on April 20, following, and it is insisted for plaintiff that there is such a repugnancy in respect to the number of publications to be made by the city treasurer on application for judgment in the act of 1887, and the act of April 16, 1891, as to modify and change the requirement for publication from two to one, and that the re-enactment two days later, on April 18, of Sp. Laws 1887, c. 7, § 36, with the proviso for giving further information by postal card, related merely to the specific change in the proviso, and did not affect Sp. Laws 1891, c. 7, § 7, under the canon of interpretation that "a later law which is merely a re-enactment of a former, does not repeal an intermediate act which has qualified or limited the first one." Powell v. King, 78 Minn. 83, 80 N. W. 850. In other words, under this claim the law of April 16, 1891, which provides that but one notice shall be given when required either by the board of public works or city treasurer, is repugnant to the previous requirement for two notices as well as its subsequent re-enactment April 18, 1891, since in all other respects than the proviso it is the same as the 1887 law; hence the repugnancy continues, and the law of April 16, 1891, governs, notwithstanding there are two conflicting provisions in respect to the number of published notices required, passed within two days of each other, and to be found in close proximity in the published laws of the same session.

Assuming that the canon of construction we have quoted from Powell v. King, supra, is to be pursued to its logical result, without regard to other considerations, such a deduction would be accurate; but nevertheless it would also strike an ordinary observer of our occasional hasty legislation that its application might be extremely dangerous, and liable to startling consequences, as witness the result here. An act providing for a meager notice of application for judgment to take land forfeited for street sprinkling, based on two publications, is amended by a general provision which reduces the number to only one; the original act is re-enacted, with a proviso, but, so far as it retains the more liberal provision for giving notice, is void; while the change of one word, increasing the number of publications, in the re-enacted statute, would have made that so repugnant in its body to the intermediate act that it would modify it in this regard. Both acts, however, remain as they are on the statute books, but the former in time of enactment repeals the later, under the plaintiff's application of the strict, technical rules of interpretation. Meanwhile the citizen is inexorably held to the letter of the intermediate act, and cannot be excused for being misled and following the more liberal provision for notice, if he should fail to look for and discover the narrower one, which is possible.

But canons of construction are not arbitrary or infallible, and should not be permitted to prevail against reason and justice in construing inharmonious legislative enactments. As said in Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, "Canons of construction are not the masters of the courts, but merely their servants to aid them in ascertaining the legislative intent." A statute amending a previous act, while it might not affect an intermediate law, if its terms give best expression to the legislative will, should be held to do so if a reasonable regard for the apparent purpose of the lawmakers required that result, for the rules which have been adopted by the courts to construe acts of the legislature have the ultimate object of discovering their sensible design, rather than to reach logical deductions, since "the intention of the legislature should always be followed wherever it can be discovered, although the construction seem contrary to

the letter of the statute." Grimes v. Bryne, 2 Minn. 72 (89); Ott
v. Great Northern Ry. Co., 70 Minn. 50, 55, 72 N. W. 833.

We are of the opinion, upon the best view we are able to discover
of the legislative purpose in these incongruous enactments, that it
was not the intent to reduce the number of publications, which is
the only means provided of conveying by due process of law to the
landowner the requisite notice that valuable property rights are
jeopardized. Notwithstanding the apparent repugnancy of Sp.
Laws 1891, c. 7, § 7, to Sp. Laws 1887, c. 7, § 36, as amended, we
incline to the opinion that each was passed to secure different
objects. The 1887 law, re-enacted in Sp. Laws 1891, c. 12, § 36,
specifically provides for two notices to be given by the treasurer
only, on application for judgment; and, while a comparison be-
tween the act of 1887 and section 7 of the act of 1891 indicates an
inconsistency between the two, such inconsistencies are continu-
ally occurring in statutes, where a particular purpose is intended
in one, which is found to be at variance with some general provi-
sion of another, and leads to the inference that there is no
intended conflict between them, but that both should be construed
to realize distinct results, and secure the aims sought in each.

Sp. Laws 1891, c. 7, § 7, relates to all notices given by the board
of public works or the treasurer. Sp. Laws 1887, c. 7, § 36, relates
to an application for judgment upon which a forfeiture may be
effected, hence should be construed strictly, and, if repealed, is
repealed by a general provision that might have been supposed
by the legislature to have related to notices of a character other
than applications for judgment. And again, it seems inconceivable
that the legislature should within two days have enacted two
provisions, in one of which the property owner is assured that
valuable rights will not be taken from him with less than two
published notices thereof, and in another that it can be done upon
one.

We therefore construe the provisions of Sp. Laws 1887, c. 7, § 36,
as applicable particularly to applications for judgment, and title
to be secured thereby, while Sp. Laws 1891, c. 7, § 7, as relating to
all other notices, which would apply to numerous purposes, where
notices are to be given either by the board of public works or the

treasurer under the charter, when no judgment for the sale of lands is desired, and no forfeiture sought. Under this view, not only should Sp. Laws 1891, c. 7, § 7, be strictly construed, to avoid injury to vested rights, and essential regulations to protect them, but to avoid an implied repeal thereby of that portion of Sp. Laws 1887, c. 7, § 36, which provides for two publications. This is in harmony with the rule that repeals by implication are not favored, and reconciles a seeming conflict between two legislative acts passed so close together that it would seem as if they were intended to harmonize with each other.

Judgment affirmed.