RATLIFF v. CORNELIUS, *County Clerk.*

No. 7137. Opinion Filed July 27, 1915.

Rehearing Denied September 28, 1915.

(151 Pac. 675.)

1. **STATUTES—Amendment—Repeal of Former Statute.** Where a section, expressly amendatory of another section of a statute, purports to set out in full all that it is intended to contain, any matter which was in the original section, but not in the amendatory section. is repealed by the omission.

2. **REGISTERS OF DEEDS—Abolition of Office.** Section 5, Act May 1, 1913 (Laws 1913, c. 161), consolidating the office of register of deeds with the office of county clerk in all counties of this state, and imposing the duties thereof upon the county clerk, and section 11 of said act, abolishing certain offices, including the register of deeds, after the first Monday in January, 1915, as affected by the Act of May 19, 1913 (Laws 1913, c. 212), which operated as a proviso thereto, retaining the office of register of deeds in counties of over 80,000 population, were re-enacted by Act Feb. 1, 1915 (Laws 1915, c. 6), in substantially the same terms as the original sections, omitting therefrom as re-enacted the proviso created by Act May 19, 1913. **Held,** that the omission of the proviso from the sections as amended and re-enacted operated as a repeal thereof, and was effectual to abolish the office of register of deeds in counties having over 80,000 population.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*

*Geo. W. Clark, Judge.*

Mandamus by M. Cornelius, as County Clerk of Oklahoma County, against Clifton Ratliff. Judgment for plaintiff, and defendant brings error. Affirmed.

*Jennings & Levy* and *McAdams & Haskell,* for plaintiff in error.

*John Embry,* County Attorney, and *Sam Hooker,* Assistant County Attorney, for defendant in error.

HARDY, J. Defendant in error, M. Cornelius, brought this action in the district court of Oklahoma county to compel, by mandamus, the plaintiff in error to turn over and deliver to him all the books, papers, and files, furniture and fixtures, and paraphernalia belonging to the office of the register of deeds of Oklahoma county. An alternative writ was issued and served upon plaintiff in error, to which answer and return was made, and upon hearing had on February 6, 1915, a peremptory writ was issued as prayed.

There is no controversy about the material facts, and although there are nine assignments of error in the petition, they are all submitted upon the one proposition as to whether or not, by the various acts of the Legislature upon the subject, the office of register of deeds in Oklahoma county has been consolidated with the office of county clerk. A review of the legislation upon this subject therefore becomes necessary.

By chapter 161, Sess. Laws 1913, p. 330, various county offices in the state are consolidated, and it is only necessary for us to consider those sections relating to the office involved in this proceeding. Section 5 of said act is as follows:

"The office of the register of deeds is hereby consolidated with the office of county clerk in all counties of this state, and said office so consolidated shall be hereafter known as the county clerk, and in addition to the duties now imposed upon the county clerk by law he shall perform the same duties that are now performed by the register of deeds."

Sections 6, 7, and 8 make provision for deputies and the salaries to be paid such deputies, and by section 8 provision is made for salaries in counties having a popu-

lation of more than 60,000. By section 12 it is specially provided that, where the populations of the different counties are referred to in the act, it has reference to and shall be based upon the last federal census. The last federal census taken preceding the date of the passage of this act was the 1910 census, and by reference thereto it is found that there was only one county in this state having a population of more than 60,000, to-wit, Oklahoma county; and, taking this act alone, it was apparently the intention of the Legislature to make the provisions of the act applicable to Oklahoma county, as is shown by section 5 and by the provisions in section 8 for deputies in counties having more than 60,000 population. At the same session of the Legislature, however, there was passed chapter 212, Sess. Laws 1913, p. 465, which provided, among other things, that the register of deeds in counties having a population of over 80,000 should receive a salary of $2,100 a year. In *Ratliff v. Fleener et al.*, 43 Okla. 652, 143 Pac. 1051, the two acts quoted were under consideration, and it was held that the same should be construed together as *in pari materia*, and as one act, so that all parts of both might stand, and the act approved May 19, 1913, was held to operate as a proviso to the fifth section of the act of May 1, 1913, so as to leave in existence the office of register of deeds in all counties of the state with a population of over 80,000. This was the condition of the law until the act of February 1, 1915 (chapter 6, Sess. Laws 1915, p. 5), which amends various sections of chapter 161, Sess. Laws 1913. Section 5 is amended so as to read as follows:

"Section 2. That section 5, chapter 161, Session Laws of Oklahoma 1913, be and the same is amended to read as follows: 'Section 5. The office of register of deeds is hereby consolidated with the office of county clerk in all

counties of this state, and said office so consolidated shall be hereafter known as the office of the county clerk, and in addition to the duties now imposed by law upon the county clerk he shall perform the same duties that are now performed by the register of deeds.' "

Section 3 of this act amends section 8 of chapter 161, Sess. Laws 1913, making provision for deputies for the county clerk in counties having a population of more than 60,000. Section 4 makes provision for deputies for the county clerk in counties of 60,000 or less, and section 5 is as follows:

"Section 5. That section 11, chapter 161, Session Laws of Oklahoma 1913, be and the same is amended to read as follows: 'Section 11. That the offices of the clerk of the district court, clerk of the county court, clerk of the superior court, and register of deeds, *in every county in this state are hereby abolished.*' "

Another amendment to the act of May 1, 1913, as made by the act of February 1, 1915, is that in determining the population for the purpose of fixing the salaries of deputies it shall be determined "as now or hereafter shown by the last federal census." The question now presented for determination is whether the amendment to section 5 of the act of May 1, 1913, as contained in section 2 of the act of February 1, 1915, and the amendment to section 11 of the original act, as contained in section 5 of the amendatory act, have the effect of abolishing the office of register of deeds and imposing the duties thereof upon the county clerk in Oklahoma county. It has already been seen that Oklahoma county is the only county in the state having a population of over 60,000, as shown by the last federal census, and we are to determine whether it was the intention of the Legislature to make the provisions of the act as amended applicable to this county. Had the orig-

inal consolidation act been unaffected by the act of May 19, 1913, which was construed to be in effect a proviso to the original act, there would have been no question that the Legislature intended to abolish the office of register of deeds in Oklahoma county, and to impose the duties of that office upon the county clerk. The decision in *Ratliff v. Fleener et al., supra,* was undoubtedly one of the moving causes that prompted the amendment of February 1, 1915, which omitted the proviso created by the act of May 19, 1913, and the decision of *Hatfield v. Garnett,* 45 Okla. 438, 146 Pac. 24, was perhaps the reason for the additional amendments mentioned, to-wit, that of making as a basis for classification the population "as now or hereafter shown by the last federal census"; the purpose of this last amendment evidently being to avoid the constitutional objection that the act might be construed as local and special, and not prospective, in its operation.

Plaintiff in error contends that the act of February 1, 1915, is merely a re-enactment of the original consolidation act of May 1, 1913, in substantially the same terms, and that it does not operate as a repeal of the proviso ingrafted thereon by the act of May 19, 1913; while defendant in error insists that it is a re-enactment of the various provisions with reference to the consolidation of the offices involved, and is intended to cover the entire subject-matter, and therefore acts as a substitute for and a repeal of all of the original provisions affecting the subjects contained in the last act, and, further, that the provisions of the last act are so repugnant to and inconsistent with the provisions of the original act as affected by the act of May 19, 1913, that it operates as a repeal thereof by implication.

In *Ratliff v. Fleener et al., supra,* it was held, as stated, that the act of May 19, 1913, operated as a proviso to section 5 of the act of May 1, 1913, so as to leave in existence the office of register of deeds in all counties with a population of over 80,000. Section 2 of the act of February 1, 1915, amends section 5, chapter 161, Sess. Laws 1913, as hereinbefore set out, and it will be noted that in the section as re-enacted the proviso ingrafted thereon by the act of May 19, 1913, was omitted, and the proviso was also omitted from section 11, as amended and re-enacted; and the rule is that where a section of a statute is expressly amended by another section of a later statute, which sets out in full all that it is intended to contain, it operates as a repeal of any matter which was in the original section but not in the amendatory section, by the omission of such matter from the later section. *State ex rel. West, Atty. General, et al. v. McCafferty, Co. Treas.,* 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639.

Therefore, when the Legislature, by the act of February 1, 1915, re-enacted said sections, setting out the language of the sections as amended, and omitting therefrom the proviso, this was an indication of the intention of the Legislature by such omission to repeal that portion of the original sections as affected by the act of May 19, 1913, which retained the office of register of deeds in counties of over 80,000 population; and this intention of the Legislature is the more apparent when we consider section 5 of the act of 1915, which purports to amend section 11 of the original act, in which amended section is enacted that the offices of clerk of the district court, clerk of the county court, clerk of the superior court, and register of deeds *"in every county in this state are hereby*

*abolished"*; and, considering the fact that the proviso created by the act of May 19, 1913, is omitted from these sections as amended, and the expression in section 5 of the the act of 1915, amending section 11 of the original act, showing the legislative intention to abolish the office of register of deeds "in every county in this state," it seems clear that the act of 1915 was intended to, and should be held to, operate as a repeal of the proviso, and thereby the office of register of deeds in every county in the state, Oklahoma county included, was abolished, and the duties thereof were thereby imposed upon the county clerk of the various counties of this state.

The plaintiff in error further contends that the amendatory act of 1915, being simply a re-enactment of the original section, cannot operate as a repeal by implication of the intermediate act of May 19, 1913. As already seen, the acts of May 1 and of May 19, 1913, were both construed together as one act, and the latter held to operate as a proviso upon the former, and that a re-enactment of the original section, omitting the proviso thereto, operates as a repeal by such omission; but if we examine the question from the viewpoint of counsel, and treat the act of May 19, 1913, as intermediate legislation, and not as a proviso to the original act, still the true rule is that, where an act amends a prior act, it will also have the effect of repealing intermediate legislation which is inconsistent with and repugnant to the provisions of the amendatory act to such an extent that they cannot be harmonized therewith. The rule in this respect is stated in 1 Lewis' Sutherland Stat. Const., sec. 723, as follows:

"Where a law is amended and re-enacted as amended, any intermediate law inconsistent with the new matter

introduced or change made by the amendment will be repealed."

See, also, the following cases: *Hawes v. Fleigler*, 87 Minn. 319, 92 N. W. 223; *Williams, Sheriff, v. Kershaw County*, 56 S. C. 400, 34 S. E. 694; *Commonwealth ex rel. v. Taylor*, 159 Pa. 451, 28 Atl. 348.

We therefore hold that the amendment of sections 5 and 11 of the original act, as contained in the act of February 1, 1915, operated as a repeal of the proviso created by act of May 19, 1913, and that it was the intention of the Legislature to make the provisions of said act as amended applicable to Oklahoma county, and to abolish the office of register of deeds in said county, and are of opinion that the act as so amended was effectual to carry out the legislative purpose; and, this being true, the judgment of the trial court in awarding the peremptory writ should be and the same is hereby affirmed.

All the Justices concur, except TURNER, J., not announcing.