STEPHENSON et al. v. O'KEEFE.

No. 31579. Dec. 5, 1944.

Rehearing Denied Jan. 16, 1945.

*154 P. 2d 757.*

C. E. Dudley, of Antlers, for plaintiffs in error.

F. L. Welch, of Antlers, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Pushmataha county, Okla., wherein Ada O'Keefe, as plaintiff, recovered judgment for the possession of certain real estate situated at Antlers, Okla., and described as:

"A certain barn located about one-half mile west of Antlers, Oklahoma, located on Highway 3, in Lots 18 and 19 of block 6 of Arnote addition to the Town of Antlers, Oklahoma, and the pens which are a part thereof."

This action is in forcible entry and detainer. It was instituted in a justice of the peace court by Ada O'Keefe, who asserted that she was the owner of and entitled to the immediate possession of the above-described property. The trial of the cause in the justice court resulted in judgment for the defendants, and plaintiff appealed to the district court.

In the district court ˙defendants filed an answer consisting of a general denial.

The property in question is a sales barn located one-half mile west of Antlers on highway No. 3. The record title is in Ada O'Keefe. The barn was erected in 1939. Since its erection it has been used by the defendants as tenants. The first rental contract was made in November of 1939 and ex-

pired in November of 1940. Thereafter defendants paid three months' rent without procuring a new contract. On February 27, 1941, a new contract was executed whereby the property was rented for a period of one year. On March 1, 1942, the rent for March was paid and on April 1st the rent was paid for April. On May 1st the rent was tendered but refused.

On April 15, 1942, the plaintiff served a 30-day notice to terminate the tenancy, and on May 16th a "three day notice before suit" was served, preliminary to the filing of the action.

In presenting the cause to us on appeal defendants, as plaintiffs in error, say that the plaintiff having accepted the rent for two months after the expiration of the written contract on February 27, 1942, the legal presumption was that the contract had been renewed on the same terms and for the same time as the written contract. Olds v. Congor, 1 Okla. 232, 32 P. 337.

Upon this theory it is asserted that their right to continue in possession was perfect when this action was tried. In support of this position our attention is directed to 41 O. S. 1941 § 35, which reads:

"If a lessee of real property remains in possession thereof, after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year."

Plaintiff, however, directs our attention to 41 O.S. 1941 § 2, which reads:

"When premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will; provided, that no lease or rental contract of premises shall be continued, unless the original contract was in writing and all other lease or contracts shall expire by limitation with the calendar year, without notice."

In the case of C. R. Anthony Co., Inc., v. Stroud, 189 Okla. 104, 114 P. 2d 177, it was decided by this court that a tenant who held over after the expiration of his written contract, and after receipt of an offer to renew the lease at a stipulated rental of $100 per month, had by this act in continuing to occupy the premises and paying the rental suggested renewed its lease contract for another year.

In the C. R. Anthony Case, supra, the conflict between the provisions of section 35, supra, and section 2, supra, was noted, but we declined to determine which of the statutes was of controlling importance. We said:

" . . . Nor is it necessary to discuss or attempt to reconcile sections 10898 and 10930, O.S. 1931, 41 Okla. St. Ann. §2 and 41 Okla. St. Ann §35, on which the parties largely base their respective contentions that the defendant held over as a tenant at will or under the terms of the written lease."

Section 35, supra, upon which plaintiffs in error herein rely, became a part of the law in this jurisdiction in 1890 (Statutes 1890 § 934).

Section 2, supra, was enacted by our Legislature in 1910 and 1911 (Laws 1910-1911, chapter 64, p. 146, §1).

Under the latter section a tenant holding over is a tenant at will.

The tenancy is terminated by a 30-days or shorter notice. 60 O. S. 1941 §§44 and 45 and 41 O. S. 1941 §4.

When there is a conflict between two sections of the Code, the history of the sections becomes important for the purpose of determining which was last enacted. Ramsey v. Leeper, 168 Okla. 43, 31 P. 2d 852.

It thus appears that section 2, being the last legislative expression on the subject, must and does govern over section 35. A tenant who holds over after the expiration of his lease is a tenant at will and may be ejected as such. The prescribed procedure was followed in this case. Ramsey v. Leeper, supra.

Plaintiffs in error also complain that the trial court erroneously admitted evidence which was incompetent; that the evidence does not support the judgment, and that the trial court erred in holding the jury until 8 o'clock without permitting it to go to supper.

These assignments of error are argued, but supporting authority is not cited. The argument is not convincing and the assignments must be denied.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and HURST and ARNOLD, JJ., concur.