Retirement System — District Attorney Staff — Participation Employees of a District Attorney who were under the Retirement System before the effective date of 19 O.S. 215.14 [19-215.14] (1968), may elect to belong to or withdraw from the system and other employees have the option when hired. The 120 day period contained in 74 O.S.Supp. 1968 Section 917[74-917] [74-917], does not apply to employees of a District Attorney who elect to withdraw from the Retirement System but continue such employment. The System should process the withdrawal warrants within a reasonable receipt of the withdrawal applicant. The Attorney General has had under consideration your letter of June 21, 1968, wherein you ask the following questions: "We, therefore, respectfully request your opinion as to whether those present employees of the District Attorney who were under the retirement system before H.B. No. 1211 passed April 15, 1968, may now elect to withdraw from the retirement system, or only those employees of the District Attorney's staff who began employment on or after the Bill passed. "If your opinion is in the affirmative that these present employees can withdraw at this time, may we set a deadline date for receipt of their Applications for Withdrawal in our office, i.e., August 1, 1968? "Also, may we hold to the 120-day waiting period provided in the Retirement Act from the date of their last payroll deduction for retirement purposes, before we return their contributions. For example, if their payroll deduction for retirement were made on June 30, 1968, may we wait until October 31, 1968, to process their withdrawal warrants." House Bill 1211, Thirty-First Legislature, Second Session, provides in pertinent part: "For all payroll purposes, all appointees and employees of District Attorneys shall be deemed to be state officers or employees as the case may be. The officers, appointees, or employees of the District Attorney, however, shall not be required to belong to the State Retirement System unless they so elect; if they so elect to belong to the State Retirement System, the counties shall pay the employer's contribution to such system in addition to salary and O.A.S.I. . . ." (Emphasis added) The language of the aforementioned provision is clear and unambiguous in providing certain officers, appointees, or employees of District Attorneys an option to elect to belong to the State Retirement System. Where the language of a statute is clear and unambiguous, there is no occasion for construction, and the statute must be given effect according to its plain and obvious meaning. 82 C.J.S., Statutes, Section 322, p. 577. Attorney General's Opinion No. 67-102, to which you refer, concluded that the staffs of the various District Attorneys are State employees and thus are required to become members of the Oklahoma Public Employees Retirement System. This opinion was written prior to the enactment of House Bill No. 1211, supra, when applicable provisions of Oklahoma Statutes conditioned employment by the State upon membership in the system. See 74 O.S. 925 [74-925] (1967). The legislature is deemed to have full knowledge and information as to the subject matter of this statute, including preservation of the actuarial soundness of the retirement system. Pertinent here is that language of 82 CJ.S., Statutes, Section 316 p. 541, which states: "It is also presumed that the legislature had, and acted with respect to, full knowledge and information as to the subject matter of the statute, and the existing conditions and relevant facts relating thereto, as to prior and existing law and legislation on the subject of the statute and the existing condition thereof, as- to the judicial decisions with respect to such prior and existing law and legislation, and as to the construction placed on the previous law by executive officers acting under it; and a legislative judgment is presumed to be supported by facts known to the legislature, unless facts judicially known or proved preclude that possibility." Since House Bill No. 1211, supra, was enacted subsequent to 74 O.S. 925 [74-925] (1967), its provisions prevail over and supersede so much of Section 925 as is in irreconcilable conflict therewith. In Stevenson v. O'Keefe, 195 Okl. 28,154 P.2d 757, the first paragraph of the syllabus by the court states: "Where a conflict exists between statutes enacted at different sessions of the Legislature, the last statute in point of time will prevail; it being the last expression of the legislative intent." It is, therefore, the opinion of the Attorney General that your first question should be answered as follows: Employees of a District Attorney who were under the Retirement System before the effective date of House Bill No. 1211, supra, may now elect to belong to or withdraw from the system and all other employees shall be afforded the option at the time of their employment. In answer to your second question, the Attorney General is of the opinion that a reasonable date may be set for the receipt of Applications for Withdrawal or to Join. Inasmuch as the Legislature did not make membership by these employees mandatory and provided optional membership, a statement or application declaring their choice should be required. Further, the election, once made, is binding and conclusive on the employee in order that the actuarial soundness of the Retirement System will be preserved. Therefore, the Attorney General is of the opinion that August 1, 1968, may be set as a deadline for receipt of the election of the District Attorneys' employees. The one-hundred-twenty day waiting period you refer to in your third question is contained in 74 O.S. 917 [74-917] (1967), which provides in relevant part: "(1) Upon termination of employment with a participating employer, not followed by employment with such participating employer, or another participating employer, within one hundred twenty days, the member shall be paid an amount equal to his accumulated contributions." This section relates to termination of employment and is not applicable to the situation created by House Bill No. 1211. It is, therefore, the opinion of the Attorney General that the one-hundred twenty day period contained in Section 74 O.S. 917 [74-917], supra, does not apply to the employees of a District Attorney who elect to withdraw from the Retirement System but continue such employment. The Attorney General is of the opinion that the Retirement System should process the withdrawal warrants in a reasonable period of time and in the ordinary course of business after receipt of the Application for Withdrawal. (Don Timberlake)