Public Safety Department — Cars — Number Title 47 O.S. 2-107 [47-2-107] (1961), provides that the "Department of Public Safety may own, use and maintain not more than 318 passenger automobiles." This statute repealed by implication the portion of Section 156 of Title 47, which limits the number of passenger automobiles which may be owned, used or maintained by the Department of Public Safety to 168 such passenger automobiles. When the repealed portion of Section 156 was re-enacted as a part of a 1963 amendment to Section 156, it did not repeal by implication Section 2-107, because by re-enacting the unchanged portions of Section 156 the Legislature did not express an intention to enact the whole section as amended, but only an intent to enact the changes indicated. This office has had under consideration your request of November 18, 1969, for an opinion, wherein you in effect, ask: Did the provision of 47 O.S. 156 [47-156] (1969), which provides that: ". . . the Department of Public Safety may own, use and maintain not more than one hundred sixty-eight (168) passenger automobiles . . ." repeal by implication that portion of 47 O.S. 1961 Section 2-107[47-2-107] [47-2-107], which provides that ". . . the Department of Public Safety may own, use and maintain not more than 318 passenger automobiles. . ."? These statutes are clearly inconsistent. In Stephenson v. O'Keefe, 195 Okl. 28,154 P.2d 757 (1945), in paragraph one of the syllabus, the Supreme Court said: "Where a conflict exists between statutes enacted at different sessions of the Legislature, the last statute in point of time will prevail, it being the last expression of the legislative intent." The question then arises as to which of these statutes is the last statute in point of time and therefore the last expression of the legislative intent. Title 47 O.S. 2-107 [47-2-107] (1961), was enacted in 1961. Section 156 was first passed as 47 O.S. 156 [47-156] (1941). At that time it provided that the Department of Public Safety could own, use and maintain not more than 87 passenger automobiles. Section 156 was amended by O.S.L. 1949, ch. 62, Section 3 (47 O.S . Supp. 1949, Section 156) to provide that the Department of Public Safety ". . . may own, use and maintain not more than 168 passenger automobiles. . . ." Section 156 was also amended in 1961 and in 1963. Neither amendment changed that portion of Section 156, which provides that the Department of Public Safety" . . . may own, use and maintain not more than 168 passenger automobiles." However, in both amendments, Section 156 was re-enacted as a whole. Article V, Section 57 Oklahoma Constitution, provides in part: ". . . no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length; . . ." There is nothing in the 1961-amendment or the 1963 amendment which indicates that the portion of Section 156 which you refer to in your question was re-enacted for any purpose other than to comply with the above-quoted constitutional provision. In Abruzzese v. Oestrich, New Jersey 133 N.J.E. 33,47 A.2d 883 (1946), at page 888, the following appears: " . . . Under our constitution, Art. 4, Section 7, par. 4, an amended section must be recited in full in the amendatory act. By observing this constitutional requirement, the legislature does not express an intention then to enact the whole section as amended, but only to enact the changes indicated. . . ." In Cordon v. People, 44 Mich. 485,7 N.W. 69 (1880) a similar fact situation was considered. There, at page 69, that Court said: "No one would claim for a moment that if Section 7569 had been amended, as was formerly the custom, not by republishing it as changed, but only by showing for what part the new clause was substituted — any effect would be produced on the remainder of the section. The constitutional provision requiring amendments to be made by setting out the whole section as amended was not intended to make any different rule as to the effect of any such amendment. So far as the section is changed it must receive a new operation, but so far as it is not changed it would be dangerous to hold that the merely nominal re-enactment should have the r effect of disturbing the whole body of statutes us pari materia, which had been passed since its first enactment. There must be something in the nature of the new legislation to show such an intent with reasonable clearness before an implied repeal can be recognized. Repeals by implication should not be established without satisfactory reason to believe such was the legislative will . . . ." It appears that there are no Oklahoma cases which consider this exact point. However, in Ratliff v. Cornelius, 49 Okl. 91, 151 P. 675 (1915), the Supreme Court said: " . . . Where a law is amended and re-enacted as amended, any intermediate law inconsistent with the new matter or change made by the amendment will be repealed. . . ." (Emphasis added) This would imply that where a statute is amended and re-enacted as amended, any intermediate law inconsistent with matter in the amendment, other than the new matter or change made by the amendment, will not be repealed. Also, 82 C.J.S. Statutes, Section 384, P. 983, provides in part: " . . . where an amendatory act provides that an existing statute shall be amended to read as recited in the amendatory act, such portions of the existing law as are retained, . . . are regarded as a continuation of the existing law; and not as a new enactment. . . ." As noted above, that portion of Section 156 which provides that ". . . the Department of Public Safety may own, use and maintain not more than one hundred sixty-eight (168) passenger automobiles. . . ." was first enacted in 1949. This portion of the statute was re-enacted as a part of the 1961 and 1963 amendments to Section 156. However, this was done to satisfy the requirements of Article V, Section 57 Oklahoma Constitution. By observing this constitutional requirement, the Legislature did not then express an intention to enact the whole section as amended, but only to enact the changes indicated, Abruzzese v. Oestrich, supra. Therefore, for purposes of determining what the latest expression of legislative intent is, the above-quoted portion of Section 156 must be considered as having been enacted in 1949. Title 47 O.S. 2-107 [47-2-107] (1961), was enacted in 1961. Since the quoted portions of Section 156 and 2-107 are inconsistent, the latest expression of legislative intent must control. Therefore, that portion of Section 156 which provides that the Department of Public Safety ". . . may own, use and maintain not more than one hundred sixty-eight (168) passenger automobiles . . . ." was repealed by implication by that portion of 47 O.S. 1961 Section 2-107[47-2-107] [47-2-107], which provides that ". . . the Department of Public Safety may own, use and maintain not more than 318 passenger automobiles. . . ." The fact that the Legislature re-enacted the repealed portion of Section 156 in 1961 and in 1963 is irrelevant because the only apparent purpose of such re-enactment was to comply with the provisions of Article V, Section 57 of the Oklahoma Constitution. Therefore, it is the opinion of the Attorney General that your question be answered in the negative. (Mike Martin)