NURSING HOMES — FIRE SAFETY STANDARDS A skilled nursing home cannot be required to have as a condition of its operation, any fire protection and safety standards other than those specifically mentioned in 63 O.S. 1-807 [63-1-807] (1970). No State Official or agency can require a skilled nursing home to have any additional fire protection and safety standards other than those mentioned in 63 O.S. 1-807 [63-1-807] (1970). The Attorney General has considered your request for an opinion on the following questions: 1. Can a skilled nursing home be required to have as a condition of its operation, any fire protection and safety standards other than those specifically mentioned in Paragraph (d) (63 O.S. 1-807 [63-1-807](d) (1970)), that is, other than the statutory requirements of one hour fire resistant construction or in lieu thereof an automatic sprinkler system as rated by the National Fire Protection Association standards? 2. Can any State Official or agency require a skilled nursing home to have any such additional fire protection and safety standards? Your letter refers specifically to two different statutes. Title 63 O.S. 1-807 [63-1-807] (1970), which provides in part as follows: "(a) The State Commissioner of Health shall issue and renew the licenses for the operation of nursing homes, rest homes, or specialized homes which are found to comply with the provisions of this Article, and standards, rules and regulations of the State Board of Health." "(d) Effective January 1, 1968, no nursing home, rest home, or specialized home shall be licensed to operate or continue to operate unless, in addition to compliance with other current licenser requirements, the building is of one hour fire resistant construction and approved by the Oklahoma State Health Department and the Oklahoma State Fire Marshall. If the building is not of one hour fire resistant construction in addition to the other current licenser requirements, it must be approved by the State Health Department and the State Fire Marshall and must have an approved automatic sprinkler system, as rated by the National Fire Protection Association standards;. . ." and to 63 O.S. 1-808 [63-1-808] (1970), which provides in part as follows: "(a) Each skilled nursing home shall be required to . . . and (5) maintain the fire protection and safety standards mentioned in (d) of Title 63 of the Oklahoma Statutes, 1-807. . ." The general statute relating to rules, regulations and specifications for fire protection is 74 O.S. 324.7 [74-324.7] (1970), which provides in part as follows: "The State Fire Marshall Commission is authorized and empowered, and it shall be their duty to prescribe, adopt and promulgate, in the manner set forth in this Act, such reasonable rules, regulations or specifications consistent with nationally recognized codes, standards or practices in matters relating to the safe-guarding of life and property from hazards of fire and explosion arising from storage, handling, transportation, and use of flammable and combustible materials, excluding liquified petroleum gases as defined by 52 O.S. 420.1 [52-420.1] through 52 O.S. 420.13 [52-420.13], and from conditions hazardous to life or property in the use or occupancy of buildings or premises, as are deemed just and reasonable and in accordance with nationally recognized standards, and not inconsistent with this Act, and to revoke, amend or supersede the same. For the purpose of this Act, standards published by the National Fire Protection Association shall be deemed as meeting the intent of this Act." The above provisions of 74 O.S. 324.7 [74-324.7] (1970) to pre and adopt rules, regulations and standards on matters relating to safeguard of life and property in the use or occupancy of buildings or premises, and then by the provisions of 63 O.S. 1-808 [63-1-808] (1970), certain specific fire protection and safety standards were provoked for nursing homes. In Stephenson, et al. v. O'Keefe, 195 Okl. 28, 154 P.2d 757, it was held in the first paragraph of the syllabus: "Where a conflict exists between statutes enacted in different sessions of the Legislature, the last statute in point of time will prevail; it being the last expression of the Legislative intent." By adopting the provisions of 63 O.S. 1-808 [63-1-808] (1970), in 1970, the Legislature set the fire protection and safety standards for nursing homes in Oklahoma. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. A skilled nursing home cannot be required to have as a condition of its operation, any fire protection and safety standards other than those specifically mentioned in 63 O.S. 1-807 [63-1-807](a) (1970). It is further the opinion of the Attorney General that your second question be answered in the negative. No State Official or agency can require a skilled nursing home to have any additional fire protection and safety standards other than those mentioned in 63 O.S. 1-807 [63-1-807](d) (1970). (Marvin C. Emerson)