RELOCATION OF OFFICES — BOARD OF REGENTS The Board of Regents of Oklahoma Colleges may lawfully relocate its offices in a new Capitol Office Building and pay rent for the occupancy of such space. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Can the Board of Regents of Oklahoma Colleges lawfully relocate its offices in a new Capitol Office Building and pay rent to the Capital Improvement Authority? The relevant laws providing for the Capitol Improvement Authority were enacted in 1959. Title 73 O.S. 151 [73-151] (1971), provides in pertinent part: "The purpose of this act is to provide adequate and suitable space for offices and other necessary uses for all the departments and agencies of the State . . ." Title 73 O.S. 163 [73-163] (1971), provides in pertinent part: ". . . the Authority is hereby authorized and empowered, in cooperation with the State Board of Public Affairs, to require state departments and agencies to be housed in said building and to pay rent for the use and occupancy of said building." Your letter calls our attention to 70 O.S. 3509 [70-3509] (1971), which provides with respect to the office of the Board of Regents of Oklahoma Colleges: ". . . The office of the Board shall be located in the State Capitol in quarters provided by the State Board of Public Affairs." The above quoted Section 3509 is a part of the 1965 Higher Education Code. The quoted language was a part of the prior law in that the act originally establishing the Board of Regents of Oklahoma Colleges, Laws 1949, p. 800, 6, provided almost identical language: "The office of said Board shall be located in the State Capitol in rooms or quarters provided by the State Board of Affairs." Assuming a conflict between the 1949 act providing for housing of the Board of Regents of Oklahoma Colleges and the 1959 act providing for housing of state agencies in buildings constructed by the Capitol Improvement Authority, the latter would prevail at the time of its enactment. See Stephenson v. O'Keefe, Okl.,154 P.2d 757. The question then would be whether the 1949 provision was revived by its inclusion in the Higher Education Code of 1965. In general, the adoption of a code does not have an altering or repealing effect upon existing laws: As stated in Bussett v. United States,37 U.S. 496: "When a code is adopted, the understanding is that such code is a declaration of established law, rather than an enactment of new and different rules." In Ex Parte Burns, Okl., 202 P.2d 433, it is stated: "A revision of a statute by re-enactment of a previous statute operates as a continuance of the former instead of a repeal and new enactment." Attorney General's Opinion No. 69-349 considered a 1949 law which authorized a maximum of 168 automobiles for the Department of Public Safety, which was impliedly repealed by a 1961 law authorizing 318 such automobiles. The 1949 law was reenacted in 1963 containing the reference to 168 automobiles. The opinion cites Ratliff v. Cornelius, Okl., 151 P. 675, as holding: ". . . where a statute is amended and reenacted as amended, any intermediate law inconsistent with matter in the amendment, other than the new matter or change made by the amendment, will not be repealed." Applying the above principles to your question, it is apparent that the provisions of the 1965 Higher Education Code which were included in substantially identical language to previously existing laws constituted the continuance of such laws rather than the enactment of new laws and were not intended to impliedly repeal inconsistent intermediate laws. It therefore appears that the inclusion of the former language respecting the location of the office of the Board of Regents of Oklahoma Colleges as a part of the 1965 Higher Education Code would not have the effect of repealing the 1959 Capitol Improvement Authority Act provision, even assuming the existence of a conflict. It is, therefore, unnecessary to reach the question of whether the two provisions are in irreconcilable conflict. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Board of Regents of Oklahoma Colleges may lawfully relocate its offices in a new Capitol Office Building and pay rent for the occupancy of such space. (Joe C. Lockhart) (Office Space)