CENTRAL PURCHASING ACT — EXEMPTIONS Subject to applicable constitutional limitations, the state agencies and acquisitions exempt from the mandatory provisions of the Oklahoma Central Purchasing Act include those specified in 74 O.S. 85.12 [74-85.12] (1974) and institutions of higher learning as provided in 74 O.S. 85.3 [74-85.3] (1971). Such agencies and acquisitions are exempted from the Act in its entirety including the competitive bidding requirements of 74 O.S. 85.7 [74-85.7] (1971). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. What state agencies and acquisitions are exempted from the provisions of the Oklahoma Central Purchasing Act? 2. Do the competitive bidding provisions of the Oklahoma Central Purchasing Act apply to such exempted agencies and acquisitions? The Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971) et seq. was enacted in 1959, and, in general, requires state agencies to make acquisitions through the State Board of Public Affairs. The scope of the Act is provided in 74 O.S. 85.4 [74-85.4] (1971) which provides in pertinent part: " From and after the effective date of this act, except as provided in Section 12 of this act, (85.12) every state agency shall acquire all contractual services, supplies, equipment or materials used, consumed or spent by such agency in the performance of its official functions by the presentation of requisitions for such services, supplies, materials or equipment to the Purchasing Division established hereunder . . . ." The term " state agency" is defined in 74 O.S. 85.2 [74-85.2] (1971) as follows: "The terms 'state agency' and 'agency' shall include any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive or judicial branches of the state government, whether elected or appointed, excluding only municipalities, counties and other governmental subdivisions of the state." Title 74 O.S. 85.12 [74-85.12] (1974) exempts certain acquisitions from the purview of the Act and permits certain governmental entities otherwise excluded from the provisions of the Act to make purchases pursuant to its provisions: "85.12 Act not to affect non-conflicting procedures — Acquisitions excluded. — The provisions of this act shall not be construed to affect any law relating to fiscal or accounting procedure except such as may be directly in conflict herewith; and all claims, warrants and bonds shall be examined, inspected and approved as now provided by law. "The following acquisitions shall not be included within the purview of this act: "1. Food and other products produced by state institutions and agencies. "2. Contracts for construction of new buildings and for the repair, maintenance or modernization of old buildings by state educational institutions included within the State System of Higher Education. "3. The printing or duplication of publications or forms of whatsoever kind or character by state agencies, which service is performed upon their own equipment, by their own employees. "4. Acquisitions by the State System of Higher Education on any institution or entity comprising the same insofar as such acquisitions relate to textbooks, laboratory supplies, instructional materials and specialized laboratory equipment. "5. State Highway Commission contractual services or right-of-way purchases. Contracts for the maintenance or construction of roads or highways, bridges or underpasses, or any other highway structures pursuant to bids let by the State Highway Commission. "6. Utility services where rates therefor are regulated by a state or federal regulatory commission, or by city ordinance. "Notwithstanding the exclusions provided herein, any agency or common schools of Oklahoma, any municipality of the State of Oklahoma, and county officers may, unless the contract with the state specifies otherwise, avail themselves of the provisions of the Oklahoma Central Purchasing Contracts and the services of the Purchasing Director. Provided further, however, that any subdivision of government of the State of Oklahoma may designate the office of Oklahoma Central Purchasing as its agent for the purchase or procurement of any item or service contracted or available to the State of Oklahoma." In addition, certain amendments were made in 1968 to Section 74 O.S. 85.3 [74-85.3] of Title 74, including the following exception: "The provisions of this Act shall not apply to county government nor to institutions of higher learning." We understand your first question to relate to those agencies which are required to make purchases pursuant to the Central Purchasing Act, and therefore we shall not discuss the applicability of the various provisions of the Act where a political subdivision or other entity exempted from the mandatory provisions of the Act nevertheless makes purchases thereunder pursuant to Section 74 O.S. 85.12 [74-85.12]. A perusal of the above statutory provisions reveals that the scope of the Act is delineated both in terms of the agencies subject to the Act as well as the nature of the acquisitions contemplated. That is, an agency generally required to make purchases pursuant to the Central Purchasing Act may be exempted from the Act in a particular instance because the proposed acquisition is exempted. As you note in your letter, the 1974 Legislature deleted the following exemption from Section 85.12: "Acquisitions by agencies out of funds derived from sources other than state collected funds." Prior to the 1974 amendment, a number of Attorney General's Opinions considered the exemption of purchases made with funds derived from sources other than state collected funds. For example, an opinion dated July 11, 1959 held that the Wildlife Conservation Fund constituted a source of funds other than state collected funds since the Legislature had not at that time appropriated any monies to the Wildlife Conservation Fund and purchases therefrom were not subject to the Central Purchasing Act. In Opinion No. 63-547, revenues of the State Lodge at Lake Murray State Park were held not to be state collected funds within the meaning of the above statutory exemption. The opinion relied upon court decisions holding that state collected funds are those collected under the taxing power of the State. The 1974 Amendment deleting the exemption relating to acquisitions with funds derived from sources other than state collected funds has nullified the effect of previous opinions of this office based upon such exemption. Some confusion exists concerning the exemption of institutions of higher learning since paragraphs 2 and 4 of Section 85.12, supra, indicate that such institutions are exempted only in the limited senses stated. However, the 1968 amendment of Section 85.3 quoted above exempts such institutions altogether. Moreover, such exemption should be viewed as the last Legislative expression even though section 74 O.S. 85.12 [74-85.12] has been amended since 1968. In Opinion No. 69-341, the question of the effect of amendatory acts on intermediate laws was considered. The opinion cites the Supreme Court of Oklahoma in Ratcliff v. Cornelius, 151 P. 675 (1915), as holding: "Where a statute is amended and reenacted as amended, any intermediate law inconsistent with matter in the amendment, other than the new matter or change made by the amendment, will not be repealed." The references in Section 85.12 to educational institutions and the State System of Higher Education have not be altered since their original enactment in 1959 and their reenactment along with amendments to Section 85.12 should not be viewed as having a repealing effect on the 1968 amendment to Section 85.3 exempting entirely institutions of higher learning from the Central Purchasing Act. One other area giving rise to questions as to the scope of the Oklahoma Central Purchasing Act is that of acquisitions by constitutional boards and agencies. Although, as discussed above, institutions of higher learning are, since 1968, expressly exempted from the Central Purchasing Act, an opinion of the Attorney General issued November 9, 1959, held: ". . . The 'mandatory' provisions of the Oklahoma Central Purchasing Act' of 1959 . . . are unconstitutional insofar as they would have the effect of taking away from the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, the power, duty and authority to acquire, and to contract for the acquisition of, any and all supplies, materials, equipment, or contractual services to be used, consumed or spent by any of the agricultural and mechanical schools and colleges maintained, in whole or in part, by the State of Oklahoma, in the performance of their regular functions as state agricultural and mechanical schools and colleges, or insofar as they would vest any of such power, duty or authority in any other agency, such as the state purchasing director or the Purchasing Division of the State Board of Public Affairs . . ." The opinion relies on the case of Trapp v. Cook Const. Co., 105 P. 667 (1909), in which the Supreme Court of Oklahoma held that the Legislature was without authority to pass an act which required purchases by state agencies to be made through the Board of Public Affairs as applied to the State Board of Agriculture as the Board of Regents for the State Agricultural and Mechanical Colleges. The Court held that the constitutional provision making the State Board of Agriculture the Board of Regents for State Agricultural and Mechanical Colleges included by implication the duties specified in territorial statutes in effect at the time of the adoption of the constitutional provision. The Court further held that the 1909 Act of the Oklahoma Legislature requiring agencies to make purchases through the State Board of Public Affairs could not constitutionally apply to the Board of Agriculture as the Board of Regents for the Agricultural and Mechanical Colleges since its provisions were inconsistent with the territorial statutes specifying the duties of the State Board of Agriculture in this regard. The Court stated: "Additional duties may be required, but none vested by the Constitution may be taken away by the Legislature." There may be other constitutional officers, boards or agencies which by reason of express constitutional language or by implication have powers and duties which necessarily provide an exemption from the Oklahoma Central Purchasing Act. Such implied powers and duties may be based upon the common law, or the general understanding by the people or statutes in effect at the time of the adoption of the constitutional provision. This opinion should not be construed, however, as attempting to resolve any such constitutional issues which may exist. As to your second question, we would first point out that the Oklahoma Central Purchasing Act was enacted as Senate Bill 211 of the 1959 Legislature comprehensively dealing with the subject of state purchases and making certain expressed exceptions and exclusions. The competitive bidding requirement of the Central Purchasing Act is provided in 74 O.S. 85.7 [74-85.7] (1971) which reads in part as follows: "No acquisition or contract shall be made in excess of Five Hundred Dollars ($500.00) without the submission of competitive bids by the State Purchasing Director, and such acquisition or contract shall be awarded to the lowest and best bidder therefor at a specified time and place, which shall be open to the public, with such preference between bidders offering substantially the same products or services at substantially the same prices, as may be set under the authority of Section 5(7) (74 O.S. 85.5 [74-85.5](7) (1961)). Provided, that such competitive bid requirement shall not apply to contracts for architectural, engineering, legal, or other professional services; provided, further, that competitive bids shall not be required for emergency acquisitions and contracts involving Fifteen Hundred Dollars ($1,500.00) or less, when, upon written request of the State Purchasing Director specifying the facts and circumstances giving rise thereto, the Governor may certify in writing the existence of an emergency authorizing the acquisition and/or contract. The competitive bid requirement of this Section shall apply to acquisitions and contracts made directly by State agencies under a grant of authority therefor from the State Purchasing Director." Both the exemption of institutions of higher learning in Section 74 O.S. 85.3 [74-85.3] and the exemption of acquisitions of Section 74 O.S. 85.12 [74-85.12] are unqualified in that they provide that the specified agencies and purchases are not subject to the provisions of "this Act." In the opinion of the Attorney General 67-327, that part of Section 74 O.S. 85.7 [74-85.7] relating to emergency acquisitions was considered and the opinion concluded as follows: "No state agency has authority to make acquisitions or contracts for materials, supplies or service, emergency or otherwise, exceeding in value the sum of $1,500.00, without complying with the competitive bid requirements except acquisitions excluded by 74 O.S. 85.12 [74-85.12] (1971)." (Emphasis added.) Likewise, it is apparent that the general competitive bid requirement applicable to acquisitions or contracts in excess of $500.00 by submission of competitive bids by the State Purchasing Director is not applicable to agencies and acquisitions exempted under the provisions of Sections 85.3 or 85.12 of Title 74. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Subject to applicable constitutional limitations, the state agencies and acquisitions exempt from the mandatory provisions of the Oklahoma Central Purchasing Act include those specified in 74 O.S. 85.12 [74-85.12] (1974) and institutions of higher learning as provided in 74 O.S. 85.3 [74-85.3] (1971). Such agencies and acquisitions are exempted from the Act in its entirety including the competitive bidding requirements of 74 O.S. 85.7 [74-85.7] (1971). (Joe C. Lockhart) ** SEE: OPINION NO. 76-104 (1976) ** ** SEE: OPINION NO. 80-094 (1980) **